## In re SCHULTE UNITED, Inc.

Circuit Court of Appeals, Second Circuit.
April 22, 1931.

Davies, Auerbach & Cornell, of New York City, for trustee.

Allen Cleveland Bragaw, of New York City, for Charfhays Corporation.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The bankrupt was adjudicated such on the 21st of January, 1931, and on the 5th of February, 1931, a trustee was elected. The bankrupt owned the property, located in the county of Queens, city and state of New York, upon which the Charfhays Corporation held a mortgage of $204,000. On March 6, 1931, this mortgagee petitioned the District Court for the Southern District of New York for leave to institute foreclosure proceedings against the property in the State Supreme Court, Queens county, N. Y. It asked to name the trustee in bankruptcy as a party defendant. The District Court gave its consent to institute such foreclosure proceedings, and entered an order accordingly. Leave to appeal from this order is the subject of this motion.

It appears from the motion papers that there is little equity above the mortgage. The trustee has declined to take care of the property and expend sums of money necessary for its care and maintenance, although it is claimed that, if the foreclosure be permitted, the equity of the bankrupt would be severely prejudiced.

The application for leave to appeal is based upon the claim that the District Court has no power to oust itself from jurisdiction over property of an estate in bankruptcy and after jurisdiction is once obtained by the court it is exclusive. Counsel argues that, in view of the recent decision in Isaacs, as Trustee, v. Hobbs Tie & Timber Co., 51 S. Ct. 270, 272, 75 L. Ed. ——, the court cannot permit a foreclosure in the State Supreme Court. Justice Roberts, writing in that case, expressly held that, after the bankruptcy court has acquired jurisdiction of the estate, other courts are without jurisdiction "save by consent of the bankruptcy court." In the Isaacs Case, the foreclosure was instituted without application to the bankruptcy court in the district having jurisdiction of the bankruptcy proceedings. At bar the mortgagee proceeded to obtain consent of the bankruptcy court, in the Southern district, having jurisdiction of the above-named bankrupt, and upon satisfying the court it obtained consent to proceed with the foreclosure in the State Supreme Court. This we think is within the rule announced in Isaacs, etc., v. Hobbs, etc., supra. See, also, Stratton et al. v. Andy New, Jr., trustee, 51 S. Ct. 465, 75 L. Ed. ——, Supreme Court, April 20, 1931.

Since the application for leave to appeal raises solely the question of the power of

the court to give its consent to the foreclosure in the State Supreme Court, we think that leave to appeal should be denied.

Motion denied.