In re PARRINO.

No. 19840.

District Court, E. D. New York.

May 23, 1931.

Harry L. Thompson, of Brooklyn, N. Y., for petitioner.

S. C. Duberstein, of New York City, for trustee.

CAMPBELL, District Judge.

This is a motion for an order granting leave to the Packer Collegiate Institute to bring a foreclosure action in the Supreme Court, Kings County, and to make the trustee a party defendant, and for a further order permitting the petitioner to proceed to a judgment of foreclosure and sale, and a sale of the mortgaged property.

The above-named Guiseppa Parrino was adjudicated a bankrupt by order of this court entered in its clerk's office on the 6th day of January, 1931.

On the 15th day of January, 1931, the said bankrupt filed her schedules in bankruptcy in which she listed the premises in question under the description of 408 Ocean Parkway, subject to two mortgages the first for $27,500 held by the Title Guarantee & Trust Company, and the second which had been reduced to $10,000.

On the 13th day of February, 1931, John H. Gamaldi was duly appointed trustee of the estate of the above-named bankrupt, who has duly qualified and is still acting as such trustee, and is represented by Samuel C. Duberstein, Esq., who by order of this court the trustee was duly authorized to retain.

Under authorization of this court the trustee attempted to sell the premises at public auction subject to all mortgages plus interest and taxes, as set forth in the notice of sale, and received no bids.

The petitioner has commenced an action for the foreclosure of the $20,000 mortgage held by it covering the premises which the bankrupt in her schedules described as 408 Ocean Parkway, in the Borough of Brooklyn, in this district, dated the 3d day of February, 1925, and recorded the 4th day of February, 1925, in the Kings county register's office in Liber 5964 of Mortgages, p. 326, § 16, block 5374.

Two questions are presented on this motion:

1. Has this court power to grant permission to the petitioner to bring a foreclosure action in the state court?

2. Is this a proper case in which to grant such permission?

It has been the custom to grant such permission in the past in what the court considered proper cases, but the decision of the United States Supreme Court, Mr. Justice Roberts writing the opinion, in Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 51 S. Ct. 270, 271, 75 L. Ed. 645, decided February 24, 1931, has caused a question to be raised as to the power of this court to grant such permission.

The court has been assisted by the able and exhaustive briefs submitted on this motion.

In Isaacs v. Hobbs Tie & T. Co., supra, no permission had been obtained from the bankruptcy court to institute the foreclosure action in the state court, and the question certified by the Circuit Court of Appeals of the Eighth Circuit to the United States Supreme Court was as follows:

"After the bankruptcy court has acquired jurisdiction of the estate of the bankrupt and the referee therein has entered an order requiring sale, by the trustee, of all of the property of the bankrupt but before the trustee has taken any steps to sell land (part of such estate) entirely located in another judicial district, can a suit to foreclose a

valid mortgage thereon be commenced and an order of sale thereunder be made over the objection of the trustee, by the Court of the latter district?

"This question was answered in the negative but the facts in the case at bar are entirely different and in the very opinion last cited, Mr. Justice Roberts, writing for the court stated that after the bankruptcy court has acquired jurisdiction of the estate, other courts are without jurisdiction "save by consent of the bankruptcy court."

It is to obtain such consent that this motion is made, and this court has power to grant such consent and permit such foreclosure action to proceed in the state court, on making the trustee herein a party, and to grant leave to make him a party to such action. In the Matter of Schulte United Inc., 49 F.(2d) 264, per curiam opinion, United States Circuit Court of Appeals Second Circuit, April 22, 1931; Isaacs v. Hobbs Tie & T. Co., supra; Straton et al. v. Andy New, Jr., Trustee (April 20, 1931) 51 S. Ct. 465, 75 L. Ed. ——.

The second question presented is not one as to power and authority, but as to the exercise of discretion.

The motion for leave to continue the action in the state court to foreclose a mortgage is not a mere formality, but is addressed to the discretion of the court, and that discretion can only be exercised intelligently on a presentation of the facts, and the court should not be satisfied with less.

In the case at bar it appears that there are first and second mortgages covering the premises in question, and that the trustee has been unable to sell the interest of the bankrupt in such premises subject to all encumbrances, when it was offered at public sale.

The reasons advanced for granting this motion satisfy this court that it is for the interest of all parties that the motion be granted, to the extent that leave is granted to the Packer Collegiate Institute to bring a foreclosure action in the Supreme Court, Kings County, and to make the trustee a party defendant, and to proceed with such action, but upon the express condition that no judgment of foreclosure and sale shall be applied for or sale held without making further application to this court.

The motion must, of course, be made on notice to the trustee, and this court in passing on such motion is entitled as a minimum to proof by affidavit on behalf of the moving party of the assessed value of the property, an itemized statement of the incumbrances thereon, what sale if any of the property subject to the lien sought to be foreclosed has been attempted to be made, under authorization of this court, and if any sale by the trustee has been authorized by this court, and the reasons why it is more beneficial to the bankrupt's estate, as well as the holder of the lien, to foreclose in the state court.

This court should retain its control by requiring further application to this court by the plaintiff in the foreclosure action before applying for judgment of foreclosure and sale or holding sale.

Motion granted to the extent hereinbefore indicated, and upon the express condition that no judgment of foreclosure and sale shall be applied for or sale held without making further application to this court, and in all other respects the motion is denied.