ISAACS, TRUSTEE IN BANKRUPTCY OF THE ESTATE OF HENRIETTA E. CUNNINGHAM, BANKRUPT, *v.* HOBBS TIE & TIMBER COMPANY.

No. 72. Argued January 23, 26, 1931.—Decided February 24, 1931.

*Mr. William R. Watkins* for Isaacs, Trustee.

*Mr. John R. Duty,* with whom *Messrs. Claude Duty* and *W. N. Ivie* were on the brief, for Hobbs Tie & Timber Company.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

In this cause the Circuit Court of Appeals certified the following question:

"After the bankruptcy court has acquired jurisdiction of the estate of the bankrupt and the referee therein has entered an order requiring sale, by the trustee, of all of the property of the bankrupt but before the trustee has taken any steps to sell land (part of such estate) en-

tirely located in another judicial district, can a suit to foreclose a valid mortgage thereon be commenced and an order of sale thereunder be made over the objection of the trustee, by the court of the latter district? "

This Court ordered that the entire record be sent up.

The question correctly states the issue tried in the District Court which entered the judgment from which the trustee appealed.

Henrietta E. Cunningham was adjudged bankrupt in the Northern District of Texas. The estate embraces land situate in the Western District of Arkansas. B. K. Isaacs was elected trustee. Thereafter appellee, the holder of a note secured by a mortgage on the said land, instituted foreclosure proceedings in a state court of Arkansas. It named the bankrupt and Isaacs, the trustee, as defendants, recited the bankruptcy proceeding in the Texas district, and that it had not filed its secured note as a claim therein.

The bankrupt and the trustee specially appeared and petitioned for removal of the cause to the United States District Court for the Western District of Arkansas. After removal the trustee filed an answer in which he set up, *inter alia*, his right and title as trustee, his lack of information as to the execution of the note and mortgage, and the fact that the land had been scheduled in the Texas District Court as an asset of the bankrupt. He further averred that as trustee he had taken and then held peaceable possession of the land; that there was an equity in the same above the mortgage debt; that a sale in foreclosure would prejudice the rights of general creditors; that he required time for investigation as to the most favorable method of sale; that neither he nor the bankruptcy court had consented to the foreclosure of the mortgage; that the bankruptcy court had entered an order authorizing him to sell the land; that that court had exclusive jurisdiction to ascertain the facts and administer the property; that the Federal District Court in Ar-

kansas could proceed no further than to ascertain the interests of the defendants, the validity of the mortgage lien, and the amount of the debt. The answer prayed that after these preliminary steps the court should refuse an order of sale, because of its want of jurisdiction to enter one.

On motion of the plaintiff the court struck out so much of the answer as sought to delay judgment and sale, and entered, on the pleadings, a decree of foreclosure and sale containing a proviso that if there should be any surplus of purchase-money, over the amount of the judgment, interest and costs, the same should be paid to the trustee.

Upon adjudication, title to the bankrupt's property vests in the trustee with actual or constructive possession, and is placed in the custody of the bankruptcy court. *Mueller* v. *Nugent,* 184 U. S. 1, 14. The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or without the district in which the court sits. *Robertson* v. *Howard,* 229 U. S. 254, 259–260; *Wells* v. *Sharp,* 208 Fed. 393; *Galbraith* v. *Robson-Hilliard Grocery Co.,* 216 Fed. 842. It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. It may order a sale of real estate lying outside the district. *Robertson* v. *Howard, supra; In re Wilka,* 131 Fed. 1004. When this jurisdiction has attached the court's possession cannot be affected by actions brought in other courts. *White* v. *Schloerb,* 178 U. S. 542; *Murphy* v. *Hofman Co.,* 211 U. S. 562; *Dayton* v. *Stanard,* 241 U. S. 588. This is but an application of the well recognized rule that when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession; and

that the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession and control of the property. *Murphy* v. *Hofman Co., supra; Wabash R. Co.* v. *Adelbert College,* 208 U. S. 38; *Harkin* v. *Brundage,* 276 U. S. 36. Thus, while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation. *Ex parte City Bank of New Orleans,* 3 How. 292; *Houston* v. *City Bank of New Orleans,* 6 How. 486; *Ray* v. *Norseworthy,* 23 Wall. 128; *In re Wilka, supra; Nisbet* v. *Federal Title & T. Co.,* 229 Fed. 644. The exercise of this function necessarily forbids interference with it by foreclosure proceedings in other courts, which save for the bankruptcy proceeding would be competent to that end. As mortgaged property ordinarily lies within the district in which the bankruptcy court sits, and the mortgagee can consequently be served with its process, the procedure usually followed is for that court to restrain the institution of foreclosure proceedings in any other.[1] Where the land lies outside the limits of the district in which the bankruptcy court sits, ancillary proceedings may be instituted in the district court of the United States for the district in which the land is, and an injunction against foreclosure issued by the court of ancillary jurisdiction. *In re Patterson Lumber Company,* 228 Fed. 916; 247 Fed. 578. Compare *Security Mortgage Co.* v. *Powers,* 278 U. S. 149. Such injunctions are granted solely for the reason that the court in which foreclosure proceedings are instituted is without jurisdiction, after adjudi-

---

[1] *In re Pittelkow,* 92 Fed. 901. *In re Dana,* 167 Fed. 529. *In re Brown,* 196 Fed. 758. *Pugh* v. *Loisel,* 219 Fed. 417; certiorari denied, 238 U. S. 631. *Karasik* v. *People's Trust Co.,* 241 Fed. 939. *In re Larkin,* 252 Fed. 885. *In re Locust Building Co.,* 272 Fed. 988. *First Trust Co.* v. *Baylor,* 1 Fed. (2d) 24. *In re Southern Florida Corp.,* 16 Fed. (2d) 171. *In re Gillette,* 18 Fed. (2d) 687.

cation of bankruptcy, to deal with the land or liens upon it save by consent of the bankruptcy court. The appellant-trustee might have instituted ancillary proceedings in the District Court for the Western District of Arkansas and there obtained an injunction to restrain the appellee from foreclosing its mortgage. There is no reason, however, why he should not have followed the course here pursued, of pleading the adjudication in Texas in abatement of the foreclosure proceeding. The state court in which the foreclosure action was begun was without jurisdiction to pursue it. Upon removal into the federal court upon the ground of diversity of citizenship, the latter court had no higher or different right to interfere with the bankruptcy administration than had the state court. The answer of the trustee stated a valid defence and it was error to enter judgment against him on the pleadings.

Appellee asserts that inasmuch as the appellant removed the cause into the federal court he waived any lack of jurisdiction in that court and estopped himself to set up exclusive jurisdiction of the bankruptcy court. There is no merit in this contention. The jurisdiction in bankruptcy is made exclusive in the interest of the due administration of the estate and the preservation of the rights of both secured and unsecured creditors. This fact places it beyond the power of the court's officers to oust it by surrender of property which has come into its possession. *Whitney* v. *Wenman,* 198 U. S. 539; *In re Schermerhorn,* 145 Fed. 341. Indeed, a court of bankruptcy itself is powerless to surrender its control of the administration of the estate. *U. S. Fidelity & G. Co.* v. *Bray,* 225 U. S. 205. The action of the trustee in removing the cause, could not, therefore, divest the Texas District Court of its jurisdiction.

The judgment of the District Court must be reversed and the cause remanded to that court, for further proceedings in conformity with this opinion.

*Reversed.*