In re HENRY et al.
No. 14410.

District Court, E. D. Pennsylvania.
June 10, 1931.

454

George S. Munson, Boyd Lee Spahr, Walter Biddle Saul, Maurice Bower Saul, and John Hampton Barnes, all of Philadelphia, Pa., for petitioners.

J. Howard Reber and Roland S. Morris, both of Philadelphia, Pa., for receivers.

DICKINSON, District Judge.

The discussion in this cause has taken a wide range. It is in truth limited to a very narrow question. The bankrupt was the owner of so-called investment securities which he had pledged to different banks for loans. The pledge was accompanied with the usual form of collateral note. This gives the pledgee in effect the power to sell the pledge at will, to apply the proceeds to the repayment of the loan, and to turn over to the pledgor the surplus, if any. The order of the referee restrains the pledgees from exercising the power to dispose of what is termed the collateral. Otherwise there had been no interference with the rights of the pledgees. There is in consequence no need for the arguments addressed to us in support of the lawfulness of the pledge; the right of the pledgees to hold the pledge for the debt due or their right to the proceeds of any sale. The whole question is whether, after the assets of the debtor have passed into the custody and control of the bankruptcy court, any one will be permitted without the consent of the bankruptcy court to interfere with such custody by a sale of the assets or otherwise.

We are not impressed with the objection to the exclusive control of the bankruptcy court on the ground that the control given to the pledgee was given by contract and hence any interference with it by the bankruptcy courts impairs the obligation of a contract. If a bankruptcy court has no lawful power to do anything which impairs the obligation of contracts, there is very little left which a bankruptcy court can do. We have nothing to do with the doctrine of the inviolability of contracts. The whole question is embraced in these fact situation propositions. The loan for which the pledge was given must be paid; it cannot be paid without a sale of the pledge. The sole question is whether the bankruptcy court has exclusive jurisdiction to make the sale or whether in defiance of the bankruptcy court whether some other court or the pledgee himself can sell. It is admitted that the case of Isaacs, Trustee, v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645, rules that another court cannot decree the sale of assets in the possession and under the control of the bankruptcy court without the leave of the latter court.

The ruling in the cited case can be readily understood. Its propositions are very clearly stated. The only differences of opinion are over the implications and whether the doctrine of that case extends to another case in which the fact situation is different. The cited case was one of a pledge of land for the payment of a loan with the right to sell the land pledged through the processes of a court. After the land had become bankruptcy assets, the cited case rules that it could not without the leave of the bankruptcy court be sold by another court under the pledge.

In the instant case, there is a like pledge, not of land but of personal property, and the pledgee has the right to sell not merely through the processes of a court but to sell himself without recourse to any court.

In the cited case it was ruled that the pledgee could not sell the pledged land through an execution, but that it could be sold only by the bankruptcy court (or by its leave). Should a like ruling be made in the instant case? The learned referee thought that under the cited case it should and so ordered. This is the order under review.

We are in full accord with the proposition that the possession of the pledge cannot be disturbed by any summary action of the bankruptcy court, but the right of the pledgee is open to attack only by plenary suit. This, however, is not the question before us. The question is the quite different one of the right of the pledgee to take the assets of the bankruptcy estate out of the control of the bankruptcy court by selling them. The power to stop such sales is exercised daily by bankruptcy courts. Mortgagees to whom seized lands have been conveyed are so restrained; likewise judgment creditors who have taken lands in execution; in like manner landlords who have distrained property for rent; plaintiffs in attachment in execution proceedings are also so restrained. No such pledgees are permitted to enforce their pledges by sales. Is the pledgee

under so-called collateral loans an exception to the general rule? The only theory, so far as we can discover, on which his case can be differentiated from that of other pledgees is that the collateral holder is not a pledgee in the lienholder sense but is an owner. As he is such owner, the thing pledged is his and forms no part of the bankruptcy assets, or at the most the bankruptcy court does not have possession but only the right to possession which can be reduced to actual possession only by a plenary suit. This theory is provocative of a discussion which has no end. The property here is theoretically of the type known as choses in action. The pledgee of bonds or of stocks holds possession of nothing except the evidence of a debt due the pledgor or of his right to share in the assets of a corporation. A mortgagee is in form not a pledgee but the owner of the land described in his mortgage subject to a defeasance. All which is left to the mortgagor owner is a right of redemption. None the less the now accepted view is that the mortgagee is a pledgee or lienholder. The ordinary form of corporate bonds and certificates of stock, it is true, have come to be regarded, not as evidences of debt or of a share in corporate assets, but as in themselves property. Pledgees of bonds or stocks are none the less pledgees with a right of lien. This is the only real right they have. We see no difference in this respect between them and the pledgees of land. We are not unmindful of the difference between the possession of a power and the propriety of its exercise. A bankruptcy court is as much bound to have regard to the rights of pledgee creditors as of any other creditors and not to forget that the latter may have priority of right. A pledgee, because of this, should always be at liberty to apply to the court for leave to enforce his pledge.

As indicated, we think the order of the referee should be confirmed, but that it should be modified by the allowance of leave to any pledgee of the investments of the bankrupt to apply for leave to enforce the pledge by sale or otherwise. It can then be determined in each instance whether the pledgee should be permitted to sell or have terms imposed. Doubtless the learned referee thought the pledgee would have this right anyhow, and hence did not incorporate it in the order entered. It would, however, be well to make it clear that the pledgees are not concluded by the order.

An appropriate order may be submitted.