## In re ROSING.

### No. 21716.

District Court, N. D. Ohio, E. D.
July 31, 1931.

The report of Wm. B. Woods, Referee in Bankruptcy, is as follows:

After the trustee in bankruptcy had filed his petition to marshal liens and to sell real estate, and other lienholders had answered, bankrupt filed her application to dismiss trustee's petition to sell. At the hearing it appeared that Bernard A. Rosing, husband of bankrupt, who had been served, but had not answered, joined in the application to dismiss the petition to sell. Answers were filed by the City Savings & Loan Company claiming approximately $7,500 and by the Midland Bank, trustee, for $2,440. Mortgages had been executed to each by Anna B. Rosing, bankrupt, and her husband, Bernard A. Rosing, and in each mortgage the husband released and quitclaimed dower in the premises.

The agreed statement of facts further shows that on April 22, 1931, the Midland Bank, trustee, had filed its petition for money, foreclosure, and relief, in the common pleas court of Cuyahoga county, and that service of process had been made upon the Rosings, husband and wife, and a supplemental petition was thereafter filed and service had upon Francis J. Voltz, trustee in bankruptcy of Anna B. Rosing.

Later the trustee for bankrupt filed his motion to dismiss in state court on the ground that the court did not have jurisdiction, and filed therewith his affidavit setting forth that in his opinion there was an equity above the mortgage debts which would inure to the bankrupt estate, and that the bankruptcy court had not consented to the proceedings in the state court. Thereafter the common pleas court ordered said cause of action dismissed, and the same was dismissed. In addition to the foregoing, it is also stipulated that the appraisal shows a value of $10,500 for the real estate in question.

The application of the husband of the bankrupt to dismiss the petition to sell raised the question of the bankruptcy court to retain jurisdiction and determine the issues between the parties. The Bankruptcy Act does not specifically provide for the inchoate right of dower; the only place dower is mentioned being in section 8 of the act (11 USCA § 26), where it is stated that, in case of death, the widow and children shall be entitled to all rights of dower and allowances as fixed by the laws of the state of the bankrupt.

Under section 70 of the act (11 USCA § 110), the trustee of the estate is vested by operation of law with the title of the bankrupt as the date of his adjudication, except in so far as property is exempt.

The trustee, therefore, took title to sublot No. 729, charged with the lien and burdens, whether actual or inchoate, existing against the property, as of the date of bankrupt's adjudication.

Under the dower statute of Ohio, General Code, § 8606, the widow or widower is endowed with an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during marriage. This section applies to dower which has already vested by the death of either the husband or the wife, and does not apply to the inchoate right of dower.

However, it was early held that a wife of a bankrupt is entitled to her inchoate right of dower in the real estate of the bankrupt husband, and that, where the property is sold by the trustee and mortgages were executed on the same, in which the bankrupt's wife had waived the dower, the said wife is dowable only in the surplus of the proceeds of the sale after the payment of such claims as preclude her right to dower therein. In re Forbes, 7 A. B. R. 42 (1901),[1] the value of the dower is determined by the bankruptcy court in accordance with the rules applied under the state law.

That the bankruptcy court has the right and the jurisdiction to determine the same seems clear even without the consent of Bernard A. Rosing, husband, should it be urged that there is an inchoate right of dower. The trustee, if it be said that his title is charged with the liens and burdens, whether actual or inchoate, has the right to file a petition to sell free and clear of such liens and charges, and the bankruptcy court has the jurisdiction to determine the validities and priorities of the same. This is true with re-

---

[1] Referee's opinion.

spect to mortgage liens and dower charged against the property.

Any question as to the authority of the bankruptcy court to proceed in this case seems to be cleared up in the recent Supreme Court case of Isaacs, Trustee, v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 272, 75 L. Ed. 645, 17 A. B. R. (N. S.) 273 (1931), where it was held that, the bankruptcy court having acquired jurisdiction of the estate of the bankrupt, such jurisdiction is exclusive. The court said that the bankruptcy court is "competent to hear and determine all questions respecting title, possession, and control of the property. * * * Thus, while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation."

It is also urged that, under section 11124 of the General Code of Ohio, this court may order the sale of mortgaged property free from the contingent right of dower of the wife, and find and determine that just and reasonable value of her dower interest in the proceeds of the sale which remain after the payment of such incumbrances as preclude her right to dower therein. Section 11124 is as follows: "When the assignor and his wife jointly have executed a mortgage upon real estate assigned, or when the assignor alone has executed a mortgage upon any of such real estate to secure the payment of purchase money, or a part thereof, the court shall order its sale free from the contingent right of dower of such wife, and find and determine the just and reasonable value of her dower interests in the proceeds of sale remaining after the payment of such incumbrances as preclude her right to dower therein."

Under the rule of the Isaacs Case the title and right to possession of all property of bankrupt vests in the trustee as of the date of filing of the petition in bankruptcy, and this court has jurisdiction to hear and determine all questions respecting title, possession, and control of the property, and to determine and ascertain the validity and amount, and decree the liquidation of all valid liens existing at the time of the commencement of the bankruptcy. Applying such rule, and construing Gen. Code § 11124, the court has power to order a sale free from the contingent rights of dower of the husband as in this case, and to find and determine the just and reasonable value of the dower in-terests in the proceeds of such sale remaining after the payment of incumbrances as preclude the right of dower therein.

Since the Bankruptcy Act (11 USCA) has superseded the state insolvency and assignment laws, this section applies to the case at bar, and, as the dower interest of Bernard A. Rosing is to be determined as provided by the laws of Ohio, it follows that his rights in this proceeding should be determined by the rules fixing the dowable interest in the proceeds of the sale of lands of insolvent debtors under the laws of Ohio.

The mortgages to the two cross-petitioners were executed jointly by bankrupt and her husband. To the Midland Bank, trustee, it was for a purchase-money mortgage, and to the City Savings & Loan Company it was for a construction loan. It follows that the bankruptcy court has jurisdiction to determine all questions relating to titles and liens of property within its jurisdiction, and that the dower interest of the husband is to be determined by the rule of section 11124 of the Ohio General Code.

Since General Code, § 8606 et seq., makes no provision for the inchoate right of dower, the Bankruptcy Act is supreme, and its sections govern. It follows that, under section 47a of the Bankruptcy Act, 11 USCA § 75 (a), the trustee would be vested with all rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, and the trustee would seem to be in a position of a legal creditor being vested with the rights, remedies, and powers of other creditors holding a lien upon property.

At most Bernard A. Rosing, husband of the bankrupt, has only a right or interest in said land sought to be sold, but not an estate therein; and his rights were superseded under section 47a of the act by those of the trustee who became vested with the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings.

The referee has examined the cases relied upon by the bankrupt and her husband, and, even if they could have been considered in point on the controversy before this court, have no bearing at this time since the decision in the Isaacs Case, supra.

The trustee, having such right even so far as the alleged dower interest is concerned, would have title under section 70a, subd. 5, of the act, 11 USCA § 110 (a) (5), and could sell the same for the benefit of the creditors of the estate.

For these reasons the application of bankrupt, joined in by her husband, to dis-

miss the petition to sell, is overruled and dismissed.

Cannon, Spieth, Taggart, Spring & Annat, of Cleveland, Ohio, for trustee.

A. R. Thomas, of Cleveland, Ohio, for Anna B. and Bernard A. Rosing.

JONES, District Judge.

Under the law, a court of bankruptcy has exclusive jurisdiction to administer all of the bankrupt property and to determine all rights and claims of others therein. Isaacs, Trustee, v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645.

Rights in property administered by the bankruptcy court, arising under state statutes, are recognized only by specific provision of the act or by necessary implication. Since, as above noted, the bankruptcy jurisdiction supersedes all others respecting property and determination of rights therein, any claim that the petitioner's asserted right is beyond determination by that court is without merit. Nor may the bankruptcy court's jurisdiction to determine the petitioner's rights be impaired or defeated by failure to respond to the referee's order to show cause. In re E. A. Kinsey Co., 184 F. 694, 697 (C. C. A. 6th).

Order of referee confirmed; petition for review dismissed.