**In re LEHRENKRAUSS et al.**

**No. 25564.**

District Court, E. D. New York.

April 18, 1934.

Newman & Bisco, of New York City (Basil Robillard, of New York City, of counsel), for petitioner.

Silberman & Steinfeld, of Brooklyn, N. Y. (Isidore M. Silberman, of Brooklyn, N. Y., of counsel), for various certificate holders.

Archibald Palmer, of New York City (Sydney Basil Levy, of New York City, of counsel), for trustees.

GALSTON, District Judge.

These are three motions argued and submitted together. Since substantially similar facts and the same principles are involved in each motion, what is said of one applies as a matter of law to the others.

It will suffice, therefore, to discuss the petition of Thomas Halloran, so far as it concerns the bond and mortgage executed by the Tressa Holding Corporation.

On or about June 3, 1927, the Tressa Holding Corporation executed its bond and mortgage in the sum of $40,000 to J. Lehrenkrauss & Sons; on or about August 27, 1928, it executed another mortgage in the sum of $35,000 on the same property, which was also delivered to J. Lehrenkrauss & Sons.

Subsequently there was a consolidation of the two mortgages effected and set forth in an agreement dated August 28, 1928, between J. Lehrenkrauss & Sons and the corporation. These mortgages purport to be a lien on premises on Bay avenue, Huntington, Long Island.

On or about November 15, 1928, J. Lehrenkrauss & Sons sold to Thomas Halloran, the petitioner, an undivided interest in these two mortgages. The petition sets forth that the bankrupt sold other participating interests in these mortgages, in the aggregate face amount of about $64,060; that the premises are owned by J. Lester M. Lehrenkrauss, one of the bankrupts; that interest due January 1, 1934, has not been paid; and that the rents, issues, income, and profits, if any, from the premises have not been applied to the payment of the interest.

The petition further alleges that the bankrupts executed an assignment of the first of these mortgages to Julius Lehrenkrauss, Charles F. Lehrenkrauss, and J. Lester M. Lehrenkrauss, as trustees for the participation certificate holders.

The petitioner seeks an order:

(a) Directing the segregation of the income, rents, issues, and profits of the said premises in the hands of the trustees in bankruptcy for the purpose of applying them for the payment of the interest upon said mortgages and taxes upon said premises;

(b) permitting the petitioner or any other holder of a participation certificate to apply, pursuant to section 112 of the Real Property Law of the State of New York, for the substitution of a new trustee or trustees in place of said Julius Lehrenkrauss, Charles F. Lehrenkrauss, and J. Lester M. Lehrenkrauss, as trustees of said bonds and mortgages;

(c) permitting the certificate holders or such substituted trustee or trustees to foreclose the mortgage.

To the petition is annexed a copy of the participation certificate. In substance, it recites that the copartnership of J. Lehrenkrauss & Sons assigned to Halloran, in consideration of $20,000, an undivided share equal to that amount, with interest from November 14, 1928, in the bond of the Tressa Holding Corporation for $75,000, and in the mortgage given as collateral security thereto. J. Lehrenkrauss & Sons are named "as trustees for the participants," and they are empowered as such trustees to collect the interest and principal and to distribute the same pro rata among the persons participating; at their own expense and in their own name, to take such action as may be necessary to enforce any of the provisions of the bond and mortgage; and then this unusual provision is set forth empowering the said trustees: "3. To cancel this certificate at their option upon the payment to the participant of the face amount of certificate together with accrued interest, provided that 15 days advance notice of such intention is given in writing to participant. Such cancellation of the certificate shall operate to assign all participant's rights thereunder to J. Lehrenkrauss & Sons." There is also a guaranty clause with this provision therein: "Should the mortgage become due during a time of panic or a stringency be apparent in the money market, the undersigned * shall not be required to liquidate or make payment of the principal, and their guarantee shall be null and void."

Despite the relief sought in the motion, on the argument counsel for the petitioner, and for a majority of the certificate holders under each mortgage, expressed a preference to have their rights administered in this court if it has jurisdiction; and they seek thus primarily an order determining their rights and the proper forum in which to enforce them. Attorneys for other certificate holders maintain that this court can summarily determine who owns the mortgage; that the title is in the trustees in bankruptcy; and that since title is in the trustees, the court cannot remove them on this motion and should allow and direct the trustees to continue to act pursuant to the terms mentioned in the certificate. The attorney for the trustees is also in opposition to the motion as originally made, and contends that it should be denied in all respects, and that this court declare the respective rights of the participation certificate holders and the trustees in bankruptcy herein.

Thus, as the motion is now submitted, it is apparent that all parties seek a declaration of the court as to the respective rights of the participation certificate holders and the trustees in bankruptcy.

It is conceded that the *recorded* legal title to the bonds and mortgages was at the time of the issuance of the participation certificates, and at all times subsequent thereto, has been in the bankrupts. It is also conceded that up to the time of the filing of the

---

* J. Lehrenkrauss & Sons.

petition in bankruptcy, the bonds and mortgages were in the possession of the bankrupts and are now in the possession of the trustees in bankruptcy.

Moreover, however one views the legal effect of the certificate as constituting an agency or a trust, or as the petitioner Halloran contends, merely a relationship of debtor and secured creditor, because of the terms and conditions of the mortgage participation certificate, J. Lehrenkrauss & Sons procured a power coupled with an interest. They are authorized not merely to collect the interest and principal, and distribute the same, and take other steps in regard thereto, but also to cancel the certificate at their option. This is a valuable right, at least in certain circumstances conceivably it might prove to be so. The terms of this certificate in that respect are even more pronounced than in otherwise similar certificates that have recently been before the courts, as in Matter of Nemerov, 149 Misc. 797, 268 N. Y. S. 588.

Under section 70a, as amended by Act May 27, 1926, of the Bankruptcy Act, 11 U. S. Code, § 110 (11 USCA § 110 (a), the trustees are vested by operation of law with title to the bankrupt's property and property rights. The foregoing power coupled with an interest, as distinguished from a mere naked legal title, is certainly a property right and so passes to the trustees in bankruptcy. Black on Bankruptcy (4th Ed.) § 805. See, also, In re Ballard (D. C.) 279 F. 574.

In consequence this court has acquired jurisdiction over these property rights and the property to which they attach. The situation is not complicated by the pendency of any foreclosure suit. This court, therefore, has not only jurisdiction, but initial and exclusive jurisdiction in respect to the title and possession of the property. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645. There is no reason assigned why this court should surrender its jurisdiction.

The petition makes reference to an existing but unrecorded assignment of the mortgages from the bankrupts to the individuals as trustees, but the certificates do not refer to any such assignment. So far as the proof before me appears, this assignment must be treated as ineffectual because it has never been recorded, nor does it appear that the existence thereof was known to the certificate holders or consented to by them.

I conclude, therefore, that the bankrupts at the time of the bankruptcy held the legal title to the mortgages; that it was not merely a naked legal title, but one coupled with an interest, though of course subject to the equitable rights of the certificate holders.

In such circumstances, I can see no power in the court to substitute trustees; nor is there any need for so doing. The trustees in bankruptcy will continue to carry on the administration of the estate, including the mortgages in question, subject, however, to the rights of the certificate holders, and act pursuant to the terms mentioned in the certificate, until further order of the court.

Settle order on notice.