**In re McCRORY STORES CORPORATION.**

No. 1286.

District Court, N. D. West Virginia.

May 10, 1934.

Frank Haymond and J. Harper Meredith, both of Fairmont, W. Va., for Irving Trust Co., trustee in bankruptcy.

D. H. Hill Arnold, of Elkins, W. Va., for Richard O. Smith, trustee in bankruptcy.

James R. Moreland, of Morgantown, W. Va., for Stephen D. Hirschman.

Deveny & Furbee, of Fairmont, W. Va., for Florence E. Fleming.

Russell, Hiteshew, Adams & Hill, of Parkersburg, W. Va., for Stern Brothers, Inc.

Russell L. Furbee, of Fairmont, W. Va., and H. W. Russell, of Parkersburg, W. Va., for Thomas I. Brett and E. Carl Langfitt, receivers.

BAKER, District Judge.

Upon consideration of all of the questions submitted to this court in the above matter, the court finds that McCrory Stores Corporation, bankrupt (parent company), a corporation, was a corporation organized and doing business under the laws of the state of Delaware, with its principal place of business in the city of New York; that J. G. McCrory Company, West Virginia, a corporation, bankrupt, was a corporation organized and existing under and by virtue of the laws of the state of West Virginia, with its alleged principal place of business in New York City; that McCrory Stores Corporation, a corporation, was adjudicated a bankrupt on the 14th day of January, 1933, and the J. G. McCrory Company, West Virginia, a corporation, on the 31st day of January 1933, both by the District Court of the United States for the Southern District of New York; that Irving Trust Company, a New York corporation, was appointed and qualified as trustee in bankruptcy of the McCrory Stores Corporation on the 31st day of January, 1933, in the said Southern District of New York, and Richard O. Smith of New York was appointed and qualified as trustee in bankruptcy of J. G. McCrory Company, West Virginia, a corporation, on May 11, 1933, in the same court; that on March 22, 1933, the circuit court of Marion county, W. Va., appointed receivers of the assets of certain of the stores

of the J. G. McCrory Company, West Virginia, a corporation, located in the Northern Federal Judicial District of West Virginia, in a suit in said state court entitled Florence E. Fleming, Stern Brothers, Inc., a Corporation, and Stephen D. Hirschman, Plaintiffs, v. J. G. McCrory Company, West Virginia, a Corporation, Defendant.

On June 7, 1933, the Irving Trust Company, as trustee in bankruptcy of McCrory Stores Corporation, a corporation, and Richard O. Smith, as trustee in bankruptcy of J. G. McCrory Company, West Virginia, a corporation, invoked the ancillary jurisdiction of this court, and thereafter such proceedings were had as raised the issues submitted to this court, decision of which is made by these findings.

■ The court is of the opinion that the Irving Trust Company, as trustee in bankruptcy of McCrory Stores Corporation, a corporation—although the said corporation may be the owner of all of the capital stock of J. G. McCrory Company, West Virginia, a corporation—is not entitled to the possession of the assets of J. G. McCrory Company, West Virginia, now held by the receivers appointed by the circuit court of Marion county because of the decision of the Circuit Court of Appeals for the Fourth Circuit in the case of Wilson et al. v. Williams Hardware Co. et al., 32 F. (2d) 103.

■ Richard O. Smith, trustee in bankruptcy of J. G. McCrory Company, West Virginia, a corporation, in his petition invoking the ancillary jurisdiction of this court, prayed for the return of the property held by the receivers in the state court to the Irving Trust Company, trustee for the McCrory Stores Corporation (parent company). The prayer of Smith's petition cannot be granted, for the court doubts its jurisdiction, under the cases above cited, to direct the assets of one corporation to be turned over to the trustee in bankruptcy of the other corporation although that other corporation may own all of the capital stock of the one.

■ Had Richard O. Smith, trustee in bankruptcy of J. G. McCrory Company, West Virginia, a corporation, prayed for directions from this court to require the receivers of the state court to turn over to him the assets of the corporation for which he is trustee in bankruptcy, such prayer would have to be granted, as the title to those assets vested in him as such trustee as of the date of the filing of the petition in bankruptcy in the Southern District of New York in January, 1933, although the receivers of the state court were appointed by the state court prior to the qualification of said Smith as such trustee in bankruptcy. See Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 735, 51 S. Ct. 270, 75 L. Ed. 645.

The ancillary jurisdiction of this court may be invoked in aid of Richard O. Smith, trustee, by a proper petition by him.