## In re SLOTERBECK CHEVROLET CO.
### No. 17595.

District Court, W. D. Pennsylvania.
July 26, 1934.

Dean D. Sturgis and Bane & Bane, all of Uniontown, Pa., for National Bank of Fayette Co.

H. D. Leonard, of Uniontown, Pa., for trustee.

SCHOONMAKER, District Judge.

The case comes before the court on petition of the receivers of the National Bank of Fayette County and the Citizens' Title & Trust Company to review an order of the referee directing the sale of certain real estate of the bankrupt free and clear of incumbrance. The petition of the trustee to sell this real estate was opposed by the receivers of the two banks in question on the ground that the mortgages held by them, respectively, exceeded the value of the real estate and that there was no equity in the property for the bankrupt estate.

The referee ordered the sale, in view of his opinion that this court has exclusive jurisdiction to sell the property. This on the authority of Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 738, 51 S. Ct. 270, 75 L. Ed. 645.

We have carefully reviewed the matter and are of the opinion that the referee was right in his conclusions. In the instant case, it will be noted that there was no petition to this court by the mortgagees for leave to proceed upon the mortgages, nor was there any petition by the trustee in bankruptcy to surrender this particular real estate as burdensome property.

Counsel for the mortgagees contend that it is still possible to surrender real estate as burdensome property, in spite of the decision of the Supreme Court in Isaacs v. Hobbs Tie & T. Co., supra, and cited the opinion of this court, Gibson, Judge, In re Kirk, 4 F. Supp. 328, in which this court held that, notwithstanding the opinion of the Supreme Court in Isaacs v. Hobbs Tie & T. Co., supra, a trustee could still surrender burdensome real estate. That decision does not meet the facts of this case, because we have here no application by the trustee to surrender this property as burdensome; nor have we any application on behalf of mortgagees for leave to foreclose their mortgages.

We conclude, therefore, that the referee was right in his ruling, and will confirm his order on his opinion filed with the certificate on petition to review.