## HYATT v. WALLACE et al.
## In re HYATT.
### No. 4300.

Circuit Court of Appeals, Fourth Circuit.
June 6, 1938.

S. H. Newberry, of Kinston, N. C., for appellant.

John H. Manning, of Raleigh, N. C., for appellees.

Before PARKER and SOPER, Circuit Judges, and HAYES, District Judge.

SOPER, Circuit Judge.

Sybil Hyatt appeals from an order of the District Court whereby a part of a claim filed by her against the bankrupt estate of her brother, A. L. Hyatt, was disallowed. A judgment in the sum of $2,000 had been rendered against A. L. Hyatt in the Superior Court of Lenoir County, North Carolina, and upon suit of the judgment creditor, the Superior Court of Craven County had declared that certain land, lying partly in that county and standing in the name of Delia Hyatt, trustee, was in fact the property of A. L. Hyatt, and as such, was subject to the lien of the judgment. Execution on the land was decreed. Delia Hyatt, a sister of A. L. Hyatt, then instituted proceedings in the Superior Court of Jones County, where the remainder of the land lay, and thereby execution on the land was stayed; but this suit was subsequently dismissed and execution on the land was again issued. A. L. Hyatt filed a voluntary petition in bankruptcy on June 24, 1933; and the judgment creditor filed proof of claim and a petition asking that the judgment be declared to be a first lien upon the property.

The land in question had belonged to the father of A. L. Hyatt, who acquired it under his father's will. On December 22,

1933 Delia Hyatt, as executrix of her father, filed a claim against the bankrupt estate in the sum of $1,163.19 for taxes for the years 1922 to 1928, asserting that she was entitled to a lien therefor on the property. The referee disallowed this claim on March 31, 1934 on the ground that these taxes were paid by the executrix voluntarily, and also on the ground that any claim therefor was barred by the statute of limitations, and therefore the claim should be denied either as a secured or as an unsecured claim against the bankrupt estate. No petition for review or appeal was taken from this action.

The referee then gave notice to all creditors, and after hearing, decreed that the judgment was a first lien upon the land, subject, however, to the payment of taxes due to Craven and Jones Counties and to the homestead claim of the bankrupt for which an allotment was made. The Hyatts excepted to this decree, but upon review it was affirmed by the District Court and the matter was remanded to the referee for further proceedings.

Thereupon, Sybil Hyatt filed the claim in bankruptcy which is the subject matter of this suit. The claim is based upon the payment of taxes on the land for the years 1922 to 1935. The referee allowed $1,-355.48, the amount claimed for the years 1929 to 1935, but denied the claim for the prior period. Upon review his conclusions were affirmed by the District Judge and this appeal followed.

It will have been noted that the error complained of was the denial to Sybil Hyatt of that part of her claim which relates to taxes for the years 1922 to 1928 for which her sister, as executrix, had previously made claim without success. Sybil's contention is that her right to reimbursement for taxes paid for these years was recognized and established by a judgment in the Superior Court of Jones County rendered in a suit brought by her against her sister Delia individually and as executrix of their father. This judgment was entered on January 20, 1936 long after the referee had denied the claim of Delia Hyatt, executrix, based on the payment of taxes for the same period as above set out. The evidence shows that the two sisters together sought the advice of counsel; that the suit was based upon the claim that for each of the years in question Sybil Hyatt had paid the taxes for the benefit of the owners of the land and that she was therefore entitled to a first lien thereon; that Delia Hyatt suffered her sister Sybil Hyatt to obtain a judgment by default for the liquidated amount claimed, and that the judgment, signed by the clerk of the court, decreed that the plaintiff recover of the defendant the amount claimed with interest; that said amount constituted a first lien upon the land, and that a commissioner be appointed with power to sell the land at public auction, after due notice, at the court house in Jones County.

■■■ The order of the District Court disallowing the claim in part was correct. So far as the claim relates to taxes for the years 1929 to 1935, the appellant has no complaint, because this part of the claim was allowed; and it is clear that the claim for the earlier period for the years 1922 to 1928 was properly disallowed. So far as this portion of the claim may have been based upon an assignment from Delia Hyatt, executrix, it was without foundation since the claim of Delia Hyatt, executrix, had already been rejected by the referee and had become res adjudicata. So far as it was based upon the judgment against Delia Hyatt individually and as executrix, rendered in the Superior Court of Jones County on January 20, 1936, it was equally groundless, for that court had no jurisdiction to adjudicate a claim against the land and to order a sale thereof after the United States court in bankruptcy had assumed jurisdiction. Upon the adjudication in bankruptcy, the title to land belonging to the bankrupt vested in the trustee and jurisdiction to determine the validity and amount of a lien upon the land and to decree the method of liquidation was lodged in the federal court and could not be taken thereafter by the state court. Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 51 S. Ct. 270, 75 L.Ed. 645. In that case the court said (page 737, 51 S.Ct. page 272): "This is but an application of the well-recognized rule that, when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession; and that the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property. Murphy v. Hofman Co., 211 U.S. 562, 29 S. Ct. 154, 53 L.Ed. 327; Wabash R. Co. v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182,

322

52 L.Ed. 379; Harkin v. Brundage, 276 U. S. 36, 48 S.Ct. 268, 72 L.Ed. 457." The jurisdiction of a state court is upheld when judgment creditors holding judgments which constitute liens on the real estate of their debtors have instituted suit in the state court to enforce the liens by sale more than four months before the bankruptcy of the debtor. Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060.

Affirmed.