In re Arthur R. MATTHEWS,
Jr., Debtor.

Bankruptcy No. 73 B 4143.

United States Bankruptcy Court,
N. D. Illinois, E. D.

Nov. 17, 1981.

John K. Kneafsey, Chicago, Ill., for creditor.

Michael J. McArdle, Chicago, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

Debtor filed a petition for a Rule to Show Cause why Martin Rosene, a creditor, and his attorney should not be held in contempt of court. This court dismissed the Rule to Show Cause on October 15, 1981. This matter came to be heard on debtor's motion to amend the October 15 order.

On August 27, 1981 this court ordered that debtor's employer turn over to debtor any money withheld from his wages. Rosene has filed a motion to vacate the August order.

In December 1967 debtor and Rosene executed and entered into an Articles of Agreement. Pursuant to the agreement Rosene contracted to sell certain residential real estate to the debtor. The agreement was a fairly typical land sale contract whereby debtor made a small down payment and subsequent monthly payments. The agreement provided that the buyer, debtor, would have no right, title or interest in the property until delivery of a deed or full payment of the purchase price. In 1973 debtor filed his Chapter XIII plan listing Rosene as a creditor. Rosene filed a claim for about $18,000 and the standing Chapter XIII trustee has paid him about $7,500 to date. Evidently, Rosene's claim arose out of the land sale contract.

In 1977 debtor filed suit against Rosene in the Circuit Court of Cook County, # 77L19870. Rosene answered and filed a counter-complaint. After a trial Rosene moved for a directed verdict which was granted. The Circuit Court found in favor of Rosene on his counter-complaint, held that debtor owed Rosene $20,936.45 and held "that all interest in that certain agreement dated December 8, 1967 on behalf of plaintiff (debtor herein) is hereby forfeited." The Circuit Court order containing the above holdings was dated November 27, 1978 and has not been vacated, modified or appealed. Subsequently, Rosene filed a petition for attorney fees in the Circuit Court case. On March 29, 1979 the Circuit Court granted Rosene $2,500 as and for attorney fees. In April 1981 Rosene obtained a wage deduction summons for the attorney fees and thereafter debtor's employer began garnishing debtor's wages.

Debtor filed his Rule to Show Cause in this court on August 27, 1981. Debtor's rule prays for an order that any judicial lien or order resulting from Rosene's counter-complaint in Circuit Court is null, void and in violation of the Bankruptcy Act. Debtor expects this court to hold null and void a valid, final order entered by the Circuit Court almost three years ago. Debtor would then have this court nullify the Circuit Court's valid, final order granting Rosene attorney fees. Debtor's petition totally lacks merit.

The equitable doctrine of laches precludes debtor from obtaining the relief he seeks through his petition. Debtor chose to sue Rosene in Circuit Court in 1977. Debtor now argues that the Circuit Court orders are null and void. Debtor had his day in court and lost. It would be a waste of judicial time and talent to allow debtor to retry any of the issues previously decided by the Circuit Court. Debtor's petition is untimely, and if granted, it would seriously prejudice Rosene's rights. It is much too late for debtor to challenge the jurisdiction of the Circuit Court or the propriety of its orders. The Circuit Court orders are entitled to finality and this court will respect their finality. The public surely would lose all respect for the judicial system if Federal Courts nullified State court orders well over two years after the entry of such orders. Debtor, without objection, was given leave in 1977 to sue Rosene in state court. An obvious risk of suit in any court is to come out on the losing side, or that the opponent will file a counter-complaint and win. Debtor's reliance on *Isaacs v. Hobbs Tie & Timber Co.*, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645 (1931) and *Local Loan Co. v.*

*Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) is misplaced. In both the above cases, the bankrupt or trustee objected to the dispute being heard in the non-bankruptcy forum. Debtor's objections herein are untimely and if granted, would prejudice Rosene's rights. Laches bars debtor from seeking relief in this court.

WHEREFORE, IT IS HEREBY ORDERED that debtor's Petition for a Rule to Show Cause be and hereby is dismissed.

IT IS FURTHER ORDERED that this court's August 27, 1981 order be and hereby is vacated. Debtor's employer shall hereby begin deducting debtor's wages pursuant to the wage deduction summons obtained by Rosene in Circuit Court in April, 1981.