**In the Matter of Frances Mae HILES, Debtor.**

**Frances Mae HILES, Plaintiff,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE and Mark Ristau, Esq., Trustee, Defendants.**

**Bankruptcy No. 82–00008.**

**Adv. No. 82–0059.**

United States Bankruptcy Court, W. D. Pennsylvania.

April 27, 1982.

Laurie J. Weinstein, Warren, Pa., for plaintiff.

Jason W. Manne, Deputy Atty. Gen., Harrisburg, Pa., for Commonwealth of Pennsylvania, Dept. of Public Welfare.

Mark M. Ristau, Warren, Pa., pro se for trustee.

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

The Motion for extension of time for Appeal of the Commonwealth of Pennsylvania, Department of Public Welfare is hereby denied without hearing or argument for the following reasons:

1. The Motion for extension of the time for appeal from an Order issued April 1, 1982 was filed April 15, 1982 in the office of the Clerk of the Bankruptcy Court at Pittsburgh, Pennsylvania and April 23, 1982 in the office of the Deputy Clerk of the Bankruptcy Court at Erie, Pennsylvania where the case is docketed and all proceedings and papers preliminary to the Order appealed from were held and filed. The Order appealed from released property from liens impairing the plaintiff's exemption rights under 11 U.S.C. § 522(d)(5) and (f) including the lien of a judgment of the defendant, Department of Public Welfare, in the unliquidated penal sum of $5,000.00 and the time for appeal therefrom expired April 11, 1982.

2. The appellant's Motion avers that it did not receive the Order of Court dated April 1, 1982 until April 9, 1982 "and thus a timely appeal could not be filed".

3. A copy of the docket entries in the adversary proceeding showing that copies of the Order filed April 1, 1982 were mailed to "Ristau and Mann, Esqs." on the date thereof is hereto appended (Jason W. Mann, Esq., is a Deputy Attorney General of the Commonwealth of Pennsylvania and is the attorney of record for the Commonwealth of Pennsylvania, Department of Public Welfare, one of the within named defendants).

4. The appeal is unmeritorious as the following analysis of the reasons set forth in the motion to dismiss the proceeding filed by the Commonwealth March 13, 1982 will demonstrate (the motion was filed three days after the hearing of March 10, 1982 in Warren, Pennsylvania of which appellant was duly notified, but at which it did not appear):

a. The allegation that DPW's lien is not a judicial lien because based on an agreement of the debtor for entry of judgment was disposed of by the Third Circuit Court of Appeals holding that judgments entered on agreements of the defendants are judicial liens in the matter of In re Ashe, 669 F.2d 105, decided January 26, 1982 (3rd Cir. 1982).

b. The statement that plaintiff's exemptions are not impaired is a mis-statement of record facts as the Commonwealth's judgment lien is an obvious impairment of the plaintiff's $7,500 exemptions under 11 U.S.C. § 522(d)(5) and (f) followed by the Third Circuit Court of Appeals in the case of Augustine, et ux. v. U. S., 675 F.2d 582 (3rd Cir. 1982).

c. The allegation that the Commonwealth of Pennsylvania cannot be named as a defendant in a Federal Court in a proceeding authorized by the United States Bankruptcy Code because of "considerations of federalism and the 10th and 11th Amendments to the United States Constitution" disregards the powers of Congress under the Bankruptcy

provisions of the Constitution and is not worthy of further comment.

d. The allegation that Congress did not intend retroactive application of Section 522(f) was flatly contradicted in the above case of In re Ashe filed January 26, 1982 six weeks before the Commonwealth's Motion to Dismiss filed March 13, 1982.

e. The allegation that the Bankruptcy Court does not have jurisdiction of the proceeding because not a constitutional court requires no answer. The Bankruptcy Court is constituted a court under Article I of the Constitution of the United States and its exclusive jurisdiction over property and assets in the possession of a bankrupt debtor on the date of a bankruptcy filing and all questions of liens thereagainst has never been questioned. Counsel for the Commonwealth are apparently endeavoring to refer to the principle of the case of Marathon Pipeline Co. v. Northern Pipeline Construction Co., 12 B.R. 946, 5 C.B.C.2d 114, BLD ¶ 68,268, 7 B.C.D. 1373, (D.C.Minn.1981) (see also 4 C.B.2d 425) on appeal to the United States Supreme Court and listed for argument therein at its current term in which a District Judge held for the asserted apparently inapt reason that because salaries and tenures of office of Bankruptcy Judges like those of all federal and state judges except Article III Judges, are not constitutionally protected against diminution the provisions of Section 241(a) of the Bankruptcy Reform Act of 1978 extending the jurisdiction of the Bankruptcy Court to embrace all proceedings related to bankruptcy cases are unconstitutional (the Marathon case is an adversary proceeding of a reorganization debtor for alleged breaches of contract against a supplier of pipe line materials while the petition for avoidance before us in the instant matter involves the status of liens against real property in the debtor's possession on the filing date of its Chapter 11 case over which Bankruptcy Courts have always had exclusive jurisdiction: Straton v. New, 283 U.S. 318, 51

S.Ct. 465, 75 L.Ed. 1060 (1931); cf. *Isaac v. Hobbs Tie and Timber Co.*, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645 [1931]).

f. The provisions of the Bankruptcy Code and the Bankruptcy Rules of the United States Supreme Court relating to service by mail of pleadings in adversary proceedings before Bankruptcy Courts constitutionally supersede the requirements of the law of Pennsylvania in respect to service of process on its Attorney General.

## APPENDIX