## In re HOUT.
### No. 18758.

District Court, W. D. Pennsylvania.
Oct. 24, 1934.

J. G. Carroll, of Uniontown, Pa., referee.

Jas. R. Carroll, of Uniontown, Pa., for trustee.

J. K. Spurgeon, of Uniontown, Pa., for judgment creditors.

SCHOONMAKER, District Judge.

This case came before the court on certificate to review an order of the referee in bankruptcy dated July 27, 1934, ordering sale of bankrupt's real estate free and divested of liens. Carl B. White, trading as the Uniontown Hardware & Supply Company, a judgment creditor of the bankrupt, presented a petition to review this order of the referee, urging that the referee erred in entering the order of sale, for the reason that there is no equity in the real estate for unsecured creditors. There seems to be some question whether or not there is any equity in this property for unsecured creditors; the trustee contending that with the sale of this real estate and the application of the sale proceeds to the lien creditors in their order of lien, there would be left available for general creditors a large part of the insurance money due from insurance companies on policies of insurance on the buildings on the land in question which were destroyed by fire.

The objecting creditor in this case contends that this insurance money should first be applied to the mortgage debt on the mortgage on the premises, which would leave his judgment claim a first lien upon the premises in question.

We do not deem that this is the proper time to determine how the insurance money and the sale proceeds of the sale of this real estate should be marshaled. We have before us, as we look at it, the sole question of whether or not there was jurisdiction to order the sale of this property. Precisely the same question was before us in Re Sloterbeck-Chevrolet Company (D. C.) 8 F. Supp. 1023, filed July 26, 1934, in which we held that this court had exclusive jurisdiction to sell the property of the bankrupt, in spite of the claim that there was no equity in the property for the bankrupt estate. This ruling was made on the authority of Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 738, 51 S. Ct. 270, 75 L. Ed. 645. We shall adhere to this ruling, and confirm the order of the referee complained of.

We express no opinion at this time as to how the sale proceeds of this real estate, and the insurance money due from insurance companies on the buildings that were destroyed by fire, shall be marshaled. That question should be determined only when the insurance money and the sale proceeds come into the hands of the trustee in bankruptcy.