### In re GEORGE T. BELL & CO. et al.
### No. 9921.

District Court, M. D. Pennsylvania.
Nov. 8, 1939.

George L. Fenner and Gilbert S. McClintock, both of Wilkes Barre, Pa., for Miners Nat. Bank.

G. B. Kleeman, of Wilkes Barre, Pa., for Wyoming Nat. Bank.

Albert H. Aston, of Wilkes Barre, Pa., trustee in bankruptcy.

Reynolds & Reynolds, of Wilkes Barre, Pa., for trustee.

WATSON, District Judge.

This case is before the Court on a petition to review paragraph three of the Referee's order made June 8, 1939, directing a sale free and clear of all liens and encumbrances of certain of the bankrupt's real estate.

The petitioner for review, Wyoming National Bank, has a lien against the properties in question. The validity and amount of this lien has been questioned on the ground that the petitioner received a preferential payment and, at the argument before this Court, it was contended that the amount of this lien might be reduced through the marshaling of the security of the Bank.

If the contentions of the trustee are correct and the lien of the petitioner is reduced, there will be a substantial equity in favor of the bankrupt Estate.

■ The Court is of the opinion that this is not the proper time to determine the questions as to the validity and amount of the Bank's lien. In re Hout, D.C., 9 F. Supp. 419; see also, Coulter v. Blieden, 8 Cir., 104 F.2d 29.

■ Where the validity and amount of liens against the property of a bankrupt are in dispute, a sale free and clear of all liens and encumbrances should be ordered if it appears that an equity will exist in favor of the bankrupt estate should the controversy as to the validity and amount of the liens be decided against the lien claimant. Remington on Bankruptcy, Fourth Edition, Section 2583.

The Court does not now express an opinion as to the validity and amount of the Bank's lien. These questions may properly be decided at the time of distribution of the proceeds of the sale.

The Petition for Review filed by the Wyoming National Bank is dismissed, and paragraph three of the order of the Referee is affirmed.