## O. L. STANARD DRY GOODS CO. v. TACKETT.

Circuit Court of Appeals, Sixth Circuit.
February 13, 1928.

No. 4859.

1. Appeal and error ⬥184, 719(3)—Question of equity jurisdiction in suit by trustee to recover alleged preference was waived by failure to object at trial or on appeal.

In suit by trustee in bankruptcy to recover payments made creditor within four months preceding adjudication, as preference, court could treat as waived the question of jurisdiction of equity, where no objection was made to equity jurisdiction at trial or on appeal.

2. Bankruptcy ⬥303(1)—Trustee, suing to recover preference, had burden to prove creditor, receiving payment, knew or should have known preference would result.

Burden of showing that creditor knew or should have known that acceptance of payment from debtor would effect a preference in its behalf was on trustee, in suit to recover alleged preference by bankrupt debtor.

3. **Bankruptcy** ⊙⟶303(4)—**Evidence held to sustain finding that payment received by creditor on current indebtedness within four months of debtor's bankruptcy constituted preference.**

Evidence *held* to sustain finding that debtor's payment to creditor within four months preceding bankruptcy on a current indebtedness on which no payment had been made for more than five months constituted preference, in trustee's suit against creditor to recover amount paid.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by J. P. Tackett, trustee in bankruptcy of S. M. Maggard and G. B. Maggard, late partners as S. M. Maggard & Son, against the O. L. Stanard Dry Goods Company. From an adverse judgment, defendant appeals. Affirmed.

S. S. McNeer, of Huntington, W. Va., and John L. Smith, of Catlettsburg, Ky. (Livezey & McNeer, of Huntington, W. Va., and Martin & Smith, of Catlettsburg, Ky., on the brief), for appellant.

B. S. Wilson, of Ashland, Ky. (John N. Hamilton, of Prestonsburg, Ky., on the brief), for appellee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. [1] No objection has been made here or was made below to the jurisdiction in equity; and there is enough color of equity jurisdiction in the relation of the proceeding to the rescission of a contract, with the equivalent of reclamation, to warrant us in treating the question as waived. Warmath v. O'Daniel (C. C. A.) 159 F. 87, 16 L. R. A. (N. S.) 414; Audit Co. v. City of Louisville (C. C. A.) 185 F. 349.

[2, 3] It appeared from the proofs that, within the four months preceding their adjudication in bankruptcy, Maggard & Son paid to appellant the sum of $2,000 upon a current indebtedness, upon which no payment had been made for more than five months. The bankrupts were insolvent, and knew that they were insolvent, when the payment was made. The question was whether appellant knew or ought to have known that the acceptance of the payment would effect a preference in its behalf. The burden of showing such knowledge on its part was on the trustee. Delaware National Bank v. Slocum (6 C. C. A.) 272 F. 11.

The credit manager for appellant testified that he did not know, at the time he received the payment, that the bankrupts were insolvent. There were facts introduced in evidence, however, tending to show that he did know, or should have known. On this sole issue it would be of no service, either in this cause or as a precedent, to discuss the various facts in their relation to the opposing contentions. The circumstances are quite convincing, and in our opinion the only reasonable inference to be drawn from them is that, when the payment was made, the credit manager knew or ought to have known that it was intended to and did effect a preference.

The judgment is affirmed.