**PEOPLE'S NAT. BANK OF PLYMOUTH, OHIO, v. FOLTZ.**

Circuit Court of Appeals, Sixth Circuit.
April 3, 1928.

No. 4902.

1. **Appeal and error** ⚖═►171(3)—Reviewing court held authorized to treat case as in equity, notwithstanding that review proceedings were as if at law, in view of pleadings and decree (28 USCA § 861).

Where action by bankruptcy trustee to recover payment made to defendant as unlawful preference was begun in equity, but given law number, petition asked equitable relief, answer was in form not unsuitable to answer in equity, parties by written stipulation waived jury trial, and decree would be equally suitable either in law or in equity, but all review proceedings were as if at law, record justified reviewing court in treating case as in equity, and disregarding writ of error, and treating issue as if there had been appeal under 28 USCA § 861 (Comp. St. §§ 1649a, 1649b), and reaching its conclusion of fact on review of evidence.

2. **Bankruptcy** ⚖═►51—Voluntary bankruptcy carries no inference of insolvency (11 USCA § 22[a]).

Where bankruptcy is voluntary, there is no inference of insolvency under 11 USCA § 22(a).

3. **Bankruptcy** ⚖═►303(4)—In action to recover bankrupt's payment as unlawful preference, evidence held to show bankrupt was solvent when payment was made.

In suit by trustee in bankruptcy to recover payment made by bankrupt to defendant as unlawful preference, evidence *held* to show that bankrupt was not insolvent when payment was made, in view of appraisal of bankrupt's farm six months before bankruptcy as basis for new loan, notwithstanding that, after bankruptcy, on forced sale, property realized less amount.

In Error to the District Court of the United States for the Northern District of Ohio; Paul Jones, Judge.

Suit by S. A. Foltz, as trustee in bankruptcy of Dessie F. Willet, bankrupt, against the People's National Bank of Plymouth, Ohio. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

L. H. Beam, of Mansfield, Ohio, for plaintiff in error.

T. A. Gruber, of Mansfield, Ohio, for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. [1] The bankruptcy trustee of Mrs. Willet filed a bill in the court below to recover from the bank, as an unlawful preference, a payment which the bank had received from her within four months. After answer filed, the case came on for hearing before the District Judge, who found in favor of the trustee, and directed that the amount of the preference be refunded by the bank. The first question we meet is one of practice. The proceeding was plainly begun in equity, although it seems that the clerk of the District Court gave it a law number. The petition declares that it is a suit in equity, insists that the plaintiff is without adequate remedy at law, and prays a decree in the nature of a rescission of the preferential payment and an accounting and for general equitable relief, and prays process of subpœna. The answer was in form not unsuitable to an answer in equity. Then the parties made a written stipulation waiving jury trial. The court filed an opinion, and entered a decree or judgment, which would be equally suitable either in a suit at law or in equity. All the review proceedings are as if at law; a bill of exceptions having been settled, which is said to contain all the evidence, and there having been a writ of error. If this review is to be considered as one directed to a suit at law and heard here upon writ of error, we must affirm, because there are no findings of

fact nor any suitable proceedings to reserve for review any question of law as in a case tried before a judge without a jury. If, however, the case below should be treated as in equity, we may disregard the writ of error and treat the issue here as if there had been an appeal (section 861, U. S. Code [28 USCA § 861; Comp. St. §§ 1649a, 1649b]), and then reach our conclusion of fact upon a review of the evidence.

We are satisfied that the record justifies the latter course. The case was planted on the equity side of the court, it never was removed therefrom, and there was no imperative reason requiring removal. See our opinion in Standard Co. v. Tackett, 23 F.(2d) 919, February 13, 1928.

[2, 3] We therefore proceed to the evidence. The vital question was whether the bank, when receiving the payment, had reasonable cause to believe that Mrs. Willet was insolvent, and that it would thereby receive a preference. Obviously, the primary question is whether she *was* insolvent, because unless she was, it would be idle to pursue the subject of knowledge by the bank. The trial court found this insolvency; but we infer from the opinion that this was because the court assumed that she was insolvent at the date of adjudication and found that there had been no substantial change in her condition after the payment had been made. This assumption was an error. Mrs. Willet's bankruptcy was voluntary; and voluntary bankruptcy carries no inference of insolvency. U. S. Code, tit. "Bankruptcy," § 22a (11 USCA § 22[a]). Upon the record her solvency is thoroughly established. Her property consisted of a large farm, with extensive buildings and with farm machinery, tools, and live stock. About six months before bankruptcy, this had been officially appraised as a basis for a new loan by the District Joint Bank at Pittsburg. The appraiser was doubtless experienced and fair. There is no reason shown in the record to challenge his appraisal, except that, after the bankruptcy, upon forced sale, the property realized much less, and this fact is of little importance. In re Klein (C. C. A. 6) 197 F. 241.

As is usual in such cases, it developed on bankruptcy that the debts were larger than any one else knew and larger than Mrs. Willet realized; but this extreme amount of indebtedness was not more than two-thirds the fair value of her property as thus appraised. Indeed, even the amounts realized on forced bankruptcy sale, supplemented by the lawful exemptions, would have paid all debts in full.

The judgment must be reversed, and the case remanded, with instructions to dismiss the petition.