### KING v. KANSAS CITY POLICE RELIEF ASS'N et al. (SHELBY, Intervener).

#### No. 1911.

District Court, W. D. Missouri, W. D.

July 5, 1932.

Frank Schibsby and Walter H. Maloney, both of Kansas City, Mo., for plaintiff.

Charles M. Bush and Burroughs N. Mosman, both of Kansas City, Mo., for defendants.

William R. Moore, of Kansas City, Mo., for intervener.

REEVES, District Judge.

The defendants have filed a motion to dismiss plaintiff's bill upon the several grounds that: First, the plaintiff lacks capacity to maintain the suit; second, that the amount in controversy is not within the jurisdiction of the court; and, third, that no equity is stated in the bill. The first two grounds only have been discussed at length in the briefs of the parties.

An understanding of the nature of the action is essential to a proper decision. The plaintiff was formerly a police officer of Kansas City, Mo., and a member of the police force of said city. He is no longer on said force but has removed his residence to the state of Kansas. While an officer of the police department, he became a member of the defendant the Kansas City Police Relief Association. Such association was organized pursuant to sections 8978 and 8979, Revised Statutes Missouri 1929 (Mo. St. Ann. §§ 8978, 8979), and the general statutes relating to the subject of benevolent, religious, etc., associations, being chapter 32, article 10, of said Revised Statutes (section 4996 et seq. (Mo. St. Ann. § 4996 et seq.).

The Kansas City Police Relief Association, thus incorporated, had for its purposes the affording of relief to its members who might become sick and disabled; the aiding of families of deceased members; "and for such other similar purposes as may be set forth in their articles of incorporation."

It is alleged in the bill that only police officers were admitted to membership and that contracts were issued by the association which provided for relief to disabled members and their families and, moreover, carried an essen-

tial provision that such officers might, upon named contingencies, be entitled to a withdrawal of stipulated sums previously paid in by them.

It is made to appear from the bill that the obligations of the association far exceeded its resources or assets and that because of a reorganization of the Kansas City police department many members of the association were about to exercise their right to · withdraw the sums stipulated in their contracts. This, it was alleged, would result in an inequitable distribution of the accumulated funds and would leave nothing for the members who persisted. The plaintiff, therefore, asks for the appointment of a receiver as an aid to an equitable and fair distribution of the funds of the association. He seeks, moreover, an injunction against payment of any sums upon the exercise of withdrawal rights pending final decree. Plaintiff prayed for a receiver to conserve and manage said funds until an orderly and equitable distribution could be made.

■ 1. Although the parties did not discuss the question of equity in the bill in their briefs, it is obvious from the foregoing that plaintiff stated a cause of action in equity. The corporation is obviously insolvent. In fact, this was not controverted on argument.

The only fair and proper method of distributing the accumulated funds of the association would be upon a court order founded upon a pro rata basis and not in accordance with the actual demands the individual members could lawfully make upon their certificates.

■ 2. It was mentioned in the arguments, but not urged in the briefs, that the plaintiff had removed to the state of Kansas for the purpose of conferring jurisdiction upon this court. This could not be done unless the plaintiff at the same time, in good faith, took up his residence in said state and became a bona fide citizen thereof. Nothing appeared to the court that would in any wise dispute the good faith of plaintiff's citizenship. Hence it must be ruled that there was a proper diversity of citizenship.

■ 3. The contention is made that the plaintiff lacks capacity to sue because he is no longer a member of the Kansas City police department and, therefore, his membership in the defendant police association ipso facto terminated. These facts may be conceded but it does not follow that he is without capacity to sue. Plaintiff had contributed to the accumulated funds of the association during

the years of his membership. His contract with the association entitled him to certain withdrawals upon termination of his relationship. Many other members were in an identical situation and because of their contract rights and the aggregate claims interposed by them the insolvency of the association was made certain.

Under such circumstances it was not only the right but the duty of the plaintiff to seek the help of a court of equity in an adjustment that could not be fairly and equitably accomplished through the courts of law. It was not essential that he be a member of the association in order to bring his suit. There remained to him a residue of rights arising from his former membership in the association. Such rights could only be properly asserted and protected in this action.

4. The remaining question is whether the amount in controversy brings the case within the jurisdiction of this court. It may be inferred from the bill that the assets of the association aggregate approximately $75,000. In fact, it was admitted at the argument that the fund was nearly $70,000. Plaintiff has brought the suit not only for himself but for others similarly situated.

In Local No. 7 of Bricklayers', Masons' and Plasterers' International Union of America et al. v. Bowen et al., 278 F. 271, 272, decided by Judge Hutcheson of the Southern District of Texas, now a member of the Court of Appeals, a very similar situation was presented. On the question of jurisdictional amount the court said: "It is clear that complainants' suit is a class or representative suit, and it is well settled that in such suits the aggregate interests of the whole class, and not the several interests of each individual, constitute the matter in dispute."

The court said further "that the amount in controversy in injunction suits is not the sum which the plaintiff might recover in a suit for the damage already sustained, but the amount or value of the right which the complainant seeks to protect from invasion, or of the object to be gained by the bill."

The suit having been originally brought in the federal court, jurisdiction with respect to the amount in controversy must be determined from paragraph (1), section 41, title 28, United States Code. It is there specified that jurisdiction exists "where the matter in controversy exceeds, * * * the sum or value of $3,000."

This was considered to mean in Towle v. American Building, Loan & Investment So-

ciety (C. C.) 60 F. 131, loc. cit. 134, the whole amount brought into court. In the Towle Case it was endeavored to bring a somewhat similar association into court. The court said: "In this case the entire assets of the society are brought into court for administration, and are, therefore, the matters in dispute or controversy."

A careful examination of all the authorities discloses this to be uniform holding of the courts. In some cases it is contemplated that the amount in controversy controls, while in others, as in this case, it is the amount of the property involved.

This case appears to fall under the rules announced in the very able oral opinion of Judge Trieber, in Dill v. Supreme Lodge, Knights of Honor (D. C.) 226 F. 807. Said opinion declares the law and has always received favorable comment by other courts. See Shera v. Merchants' Life Ins. Co. (D. C.) 237 F. 484, 485; Cummings et al. v. Supreme Council of Royal Arcanum et al. (D. C.) 247 F. 992.

It appears from the foregoing that the court had jurisdiction of the subject-matter; that plaintiff was qualified to bring the suit; that there is equity stated in the bill; and that receivers were properly appointed.

In that view, the motion to dismiss should be and is overruled. It is so ordered.