## HOBBS TIE & TIMBER CO. v. ISAACS.
### No. 6616.

Circuit Court of Appeals, Fifth Circuit.
Dec. 2, 1932.

W. N. Ivie, of Ft. Smith, Ark., and John R. Duty, of Rogers, Ark., for appellant.

William R. Watkins, of Fort Worth, Tex., for appellee.

Before BRYAN, FOSTER and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant appears here complaining of the refusal of its demand made in the bankruptcy court below, that that court give its consent for appellant to foreclose its mortgage in another court.

The petition, denial of which is complained of, recited the mortgage; its acquisition by petitioner; the bankruptcy of the mortgagor; the filing of a foreclosure suit in a state court in Arkansas; its removal into the United States District Court by Isaacs, trustee; the assertion there by him of the exclusive jurisdiction of the bankruptcy court, and of his objection to the foreclosure proceedings. It then, without pleading any supporting fact, asserted that it was entitled as of right to proceed with its foreclosure and prayed consent to do so.

The answer of the trustee pleaded the long jurisdictional contest between him and petitioner and its termination in favor of the exclusive jurisdiction of the court of bankruptcy. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645. It pleaded also that the court of foreclosure was so inherently without jurisdiction to proceed that the consent of the court of bankruptcy could not confer jurisdiction on it. Pointing out that the petition showed no reason why the interest of all parties would not be best subserved in the bankruptcy court, it opposed its granting.

Much of appellant's brief is devoted to argument and discussion of, and citation of authorities on, questions of the right and duty of the court of bankruptcy to surrender burdensome property; the right of appellant to realize on its debt; the claimed arbitrary action of the trustee in neither proceeding himself nor permitting appellant to proceed to liquidate it. None of these matters are raised by the petition denied. Appellant in effect sought to present again the contention which had already been decided against it in its suit with Isaacs, supra, that the bankruptcy court did not have the right to determine what court should enforce the lien.

It is true enough that the court of bankruptcy could have consented to the foreclosure of the mortgage in the other court. It is true also that it could have refused that consent. It is indisputable that its consent may not be demanded as of right.

Appellant came into the court below, and stands here complaining of the denial of a right which it never had. For the delay which its insistence in asserting, contrary to the judgment against it that it could not do so, its right to proceed with its foreclosure suit, it has only itself to blame. It had and has the right, of course, to invoke the aid of the court of bankruptcy to realize upon its debt. It had and has the right to apply to that court for the surrender of the mortgaged property as burdensome to the bankrupt's estate. It had and has the right to apply to that court for its consent to proceed with the foreclosure suit. It could not, as it attempted to do here, demand as of right that that consent be granted.

The judgment is affirmed, without prejudice to the right of petitioner to further apply to the bankruptcy court for such relief as it may be advised it can show itself entitled to.