**COMER v. JOHN HANCOCK MUT. LIFE INS. CO. et al.**

**No. 10334.**

Circuit Court of Appeals, Eighth Circuit.

Dec. 17, 1935.

414

R. M. Sheppard, of St. Joseph, Mo., for appellant.

R. T. Brewster, of Kansas City, Mo. (R. R. Brewster, of Kansas City, Mo., on the brief), for appellees.

Before GARDNER, WOODROUGH, and FARIS, Circuit Judges.

FARIS, Circuit Judge.

This is an appeal from an order of the District Court denying a petition for review, and confirming an order made by the referee in bankruptcy, in a matter wherein the facts are as follows:

On May 31, 1930, appellant, and her daughter Mrs. Kaufman, executed their joint note for the sum of $13,400, to appellee insurance company. This note they secured by a joint deed of trust, wherein William P. Phares was trustee, on a certain farm in Holt county, Mo., containing 240 acres. Appellant owned 120 acres of this land in fee, and likewise owned an undivided one-half interest in the remaining 120 acres. Mrs. Kaufman owned in fee the remaining half interest, or 60 acres in all.

This deed of trust, inter alia, provided that on default in the payment of interest the trustee therein should have the power to sell the land, on giving twenty days notice, for the purpose of paying the interest and principal. The interest falling due on June 1, 1932, except the sum of $20, was not paid, nor was any payment made on the interest falling due on June 1, 1933. Bottomed on the above defaults, as permitted by the deed of trust, appellee requested Phares, the trustee, to foreclose. Thereupon the trustee on March 30, 1934, advertised the whole property for sale on April 23, 1934.

Pending such advertisement, and on April 16, 1934, appellant filed a voluntary petition in bankruptcy and was on the same day, in the District Court of the United States for the Western District of Missouri, duly adjudicated a bankrupt. On the same day a receiver of appellant's bankrupt estate was appointed, and an order entered by the referee enjoining and restraining appellee from selling the property, then being advertised for sale under the deed of trust. Thereup-

on a motion was filed by appellee, to dissolve the restraining order, and for permission to proceed with the sale. This motion was heard on April 21, and April 23, 1934, and on the latter day an order, it is said, was entered by the referee dissolving the injunction and granting permission to appellee to proceed with the sale, which accordingly was done. At this sale appellee was the sole bidder and the whole of the land was sold to it on its bid of $13,400, which was the amount of the principal debt, not inclusive of interest or costs of sale. Upon this sale the trustee made, and delivered to appellee, a trustee's deed which was duly recorded.

Thereafter, and for aught that appears, in due time, a petition for a review of the order of the referee dissolving the injunction and giving permission to sell was filed, by the receiver of the bankrupt estate, and by stipulation of the attorneys for appellee and for the receiver, this order was vacated and set aside, thus leaving the injunction against the sale, in full force and effect and voiding the permission to sell.

Subsequently, one Earhart was duly elected trustee of the bankrupt estate, and thereafter appellee on June 7, 1934, filed its second petition for leave to foreclose its deed of trust by selling the property under the power of sale therein, or as appellant insists, selling it a second time.

In appellee's petition for an order of sale filed on the day last above it was set forth that there was no equity in the land for general creditors, for that the land was worth less than the amount of principal and interest due and owing on the note secured by the mortgage, and so the land was a burden on the bankrupt estate. This petition was resisted by both Earhart the trustee in bankruptcy and the appellant. Upon a hearing it was conclusively shown that the aggregate sum of appellee's secured debt and interest and that of a debt due on a second mortgage on the land amounted to a sum equal to $67.82 per acre, while the fair and reasonable value of the land was only $60 per acre. Thereupon the referee, on October 12, 1934, entered an order finding that no equity for creditors existed; that the former attempted sale was void, and dissolving the injunctive order of April 16, 1934, and granting "leave to appellee to foreclose

its deed of trust outside of the bankruptcy court."

From the above order a petition for a review was sued out, by the appellant and Earhart, the trustee in bankruptcy, to the District Court, wherein, upon a hearing, the court denied the petition for review and confirmed the order of the referee wherein, as said, the latter had held that the land possessed no equity for creditors, and was a burden on the estate, and ordered a foreclosure by appellee "outside of the bankruptcy court." In thus holding the trial court found that the sale of the bankrupt's interest made on April 23, 1934, was invalid, as a matter of law, because at that time the referee had not legally authorized the proceeding, and "if the foreclosure affected other property, this being a proceeding in equity, the mistake should not work an inequity to the mortgagee." From this order of the court denying the petition for a review, the bankrupt alone appealed.

Appellant urges as error meet for reversal three assignments. These are lengthy and involved and may perhaps be more simply and concretely stated in the form of the three following contentions: (a) That the trial court erred in holding that the referee had lawful authority to permit a creditor secured by a deed of trust to exercise the power of sale in such deed, and to foreclose the same independent of and outside of the bankruptcy court; (b) that the trial court erred in refusing to hold that the whole sum bid by appellee at the sale, made on April 23, 1934, to wit, the sum of $13,400, should be credited on the debt of appellee (for the reason, seemingly, that Mrs. Kaufman's 60 acres were included in this sale and bought by appellee); and (c) (as a corollary in effect, to the proposition last above) that since the rule caveat emptor applied to this sale, appellee must be deemed to have bid $13,-400 for the interest of Mrs. Kaufman alone and such whole sum should be credited on the mortgage debt, thus reducing the lien on the 180 acres of appellant's land to some $3,000.

Counsel for appellee having omitted to urge a serious question apparently arising in limine, we do the like and come in order to the appellant's contentions on the merits. For her contention that a bankrupt court may never permit a mortgage or deed of trust to be foreclosed outside of the court, as counsel express the notion, and not at all except by the trustee in bankruptcy, entire reliance, so far as concerns authority, is put upon the case of Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. We have no quarrel with the above case, but we are driven to doubt whether counsel for appellant, in urging upon us abstract quotations from it, have not overlooked the concrete question therein up for judgment. This question was whether a mortgagee of lands situate in the state of Arkansas could wholly ignore the bankruptcy court and resort for a foreclosure of such lands to a court of Arkansas, when such lands were owned by a bankrupt in Texas, whose estate was in course of administration in a bankruptcy court held in the latter state. The Supreme Court held in the Hobbs Case, supra, that neither the state court, nor even a federal court to which the action to foreclose was removed, had any power to oust the court of bankruptcy of its jurisdiction, by merely ignoring the existence of the bankruptcy court, as was sought to be done in the Hobbs Case. But it is a far cry from such a holding to that here contended for in the case at bar. Of course, a holder of a deed of trust containing a power of sale would have just as much right to ignore the bankruptcy court and foreclose, as would a mortgagee who resorted to a strange court for strict foreclosure, that is to say, *no right at all.* For we think it clear that the principle announced by the Supreme Court plainly carries an inhibition, both against foreclosure by a sale under a power in a deed of trust, and a strict foreclosure in a court of equity, *absent a lawful order by the bankruptcy court so permitting.* Appellant here contends that such a foreclosure outside of the bankruptcy court cannot be had at all, or under any situation, and she insists the Hobbs Case, supra, so holds. But it must be borne in mind that the Supreme Court, in the Hobbs Case, supra, was dealing only with the situation before it and forecast above, and that it was not at all considering whether a holder of a mortgage on lands belonging to a bankrupt estate could not, by a showing of a total lack of equity inuring to the creditors, and that therefore the mortgaged lands were a burden to the estate,

416

obtain from the court of bankruptcy a valid order permitting foreclosure under a power of sale, outside the bankruptcy court.

We do not think the Hobbs Case worked any change whatever in the law. This view is obviously agreed to by the Court of Appeals of the Fifth Circuit, for subsequent to the decision of the Hobbs Case by the Supreme Court, another case was appealed by the same mortgagee from an order made by the same bankruptcy court refusing to permit foreclosure of the same mortgage. Hobbs Tie & Timber Co. v. Isaacs, 61 F.(2d) 1006, 1007. In affirming that case, the court said: "It [Hobbs Tie & Timber Co.] had and has the right to apply to that [bankruptcy] court for the surrender of the mortgaged property as burdensome to the bankrupt's estate. It had and has the right to apply to that court for its consent to proceed with the foreclosure suit. It could not, as it attempted to do here, demand as of right that that consent be granted." So, the order denying the right to foreclose was affirmed, but the court took pains to say that such affirmance was "without prejudice to the right of petitioner [the mortgagee] to further apply to the bankruptcy court for such relief as it may be advised it can show itself entitled to."

■ In the case of Quinn v. Gardner, 32 F.(2d) 772, 773, this court held that: "It is well settled by custom and practice that a trustee in bankruptcy is not compelled to accept property unprofitable to the estate and burdensome to be carried. It is not his duty to take over and administer property where there is no equity for the creditors. There is no reason why a trustee should carry on with worthless property or property incumbered with liens in excess of its value." To the same effect is the case of Powers v. Johnson, 71 F.(2d) 48, also decided by this court. A like rule obtains in the Tenth Circuit, where the court said in the case of Kimmel v. Crocker (C.C.A.) 72 F.(2d) 599, loc. cit. 601, that "bankruptcy courts should not administer properties incumbered by undisputed liens, unless there is a reasonable probability of there being a surplus over the incumbrances for the unsecured creditors." So, while the settled rule is that a bankruptcy court has the sole jurisdiction over the property of the bankrupt from which jurisdiction it may not be ousted without its consent by any person, or by any other court, regardless of liens thereon, it may yet as to an undisputed mortgage upon petition and for cause shown, for that there is no equity above encumbrances, and for that the care of the property is therefore burdensome to the estate, order and permit that the lien thereon be foreclosed outside of the bankruptcy court, and in another court, or pursuant to a power of sale, contained in the mortgage. Where, as here, by its order of February 19, 1935, the bankruptcy court, ordered this to be done, because of burdens entailed and for lack of equity for creditors, there is nothing in its action which runs counter to the rule in the case of Isaacs v. Hobbs Tie & Timber Co., supra. Whether, if there had been a denial of the permission, such permission can always be compelled even upon the strongest showing, we are not here compelled to go so far afield as to rule. It is enough that it here did grant such permission and *did not* refuse it.

■ The next contention urged by appellant, and the only remaining one (for the other is a corollary of this), is that appellant was entitled to have credited on the mortgage debt the full amount, to wit, $13,400, for which on the sale of April 23, 1934, appellee bid in the 60 acres of Mrs. Kaufman's land and tried to buy the 180 acres of the appellant's land, even though as to the latter appellee got no scintilla of title. This contention is based on the rule caveat emptor, as applied to a judicial sale, as also it may be conceded to a sale made under a deed of trust. 19 R.C.L. 623. For the analogy it seems, and as appellant contends, is a thoroughgoing one. We think there can be no doubt that the rule caveat emptor does not apply to a sale made under an order of a court which has *no lawful power, or jurisdiction to enter the order*. For such a decree is a nullity and void, and of course conveys no title. 16 R.C.L. 92. Also, we think, the purchaser at a judicial sale and a sale under a power in a deed of trust is entitled, by virtue of his bidding the property in, to all and so much title and interest as the party whose interest is being sold actually had in the property. 16 R.C.L. 92. Such

purchaser is not of course entitled to precisely the title or interest which he believed he was buying; so much at least the rule caveat emptor enjoins. But if by reason of some fact which ousts jurisdiction, or which destroys the power of the seller to sell, so that, though there is an interest to pass and intended to pass by the sale, yet none passes, because jurisdiction or power to make a valid sale is lacking, the bid is not binding on the bidder and the sale is a nullity.

Here, the trustee in the deed of trust purported to sell and undertook to sell the interest, and all and whatever interest the bankrupt had in the 180 acres of land. But when he did so, jurisdiction over the land and the sole power to deal with it was no longer in the trustee, but perforce the adjudication in bankruptcy this power had vested exclusively in the bankruptcy court. And till that court had in accord with law abdicated its jurisdiction, no person and no other court could acquire power or jurisdiction to deal with it, or change its status and of course could pass no title to it to another by a purported sale or otherwise. So much is made clear by the case of Isaacs v. Hobbs Tie & Timber Co., supra. As pointed out already, the bankruptcy court can for sufficient cause relinquish its jurisdiction lawfully and permit another court, or other persons under a deed of trust or a mortgage, to assume jurisdiction over encumbered lands, or property of a bankrupt estate. But till it has done so pursuant to law, other persons and other courts must keep hands off so far as concerns power to deal with and jurisdiction over the property of a bankrupt in his possession at adjudication, whether encumbered or not. Hobbs Tie & Timber Co. v. Isaacs (C.C.A.) 61 F.(2d) 1006.

As already indicated, the fairly simple facts were, we repeat, that pending advertisement of the lands for sale under the deed of trust, appellant was on her petition adjudicated a bankrupt and a receiver appointed to take charge of her property. On the day of adjudication the receiver sued out an injunction restraining the sale by the trustee under the deed of trust. On April 23, 1934, the injunction was dissolved and "permission granted" as the record says, to the trustee to proceed with the sale. The order, if any, thus granting permission to sell, nowhere appears in the record. Thereafter the receiver of the bankrupt estate seems, but the true facts are dark on the record, to have filed a timely petition for review of the order, if there was one, dissolving the injunction and granting permission to sell the land under the deed of trust. Again the record is obscure. This first petition for review is not brought up. But merely the statement appears that pending preparation of the summary of the evidence on such petition, "by stipulation of parties said order of the referee was vacated and set aside"; that is, the order, dissolving the injunction and granting permission to sell under the deed of trust was vacated and set aside.

It is well settled, if not fundamental, that a trustee in bankruptcy takes title to the real estate of a bankrupt (absent exemptions, not here involved), whether encumbered or not (section 110, title 11 U.S.C.A.), and that such title relates back to the date of filing the petition. Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275. Till the trustee is elected, there is not in existence any one to represent the estate, against attacks made on the trustee's title to real estate, or to represent the estate when an order of sale is sought by lienors. No question arises here as to perishable personal property, about which in a proper case orders of sale may be made. This permission to sell, if by any formal order such permission was given, was seemingly made on the oral application of the appellees. It was made before the first meeting of the creditors, and so, of course, before the election of a trustee in bankruptcy, who therefore was not a party to it, and so could not be affected by it. We agree therefore with the referee, and with the court which agreed with the referee in setting the sale aside, and with the parties, who, conceding the invalidity of this premature and improvident order, stipulated that it should be set aside. We think a referee in bankruptcy has no power, and so no jurisdiction, to enter an order for a sale outside the bankruptcy court of the encumbered real estate of the bankrupt estate prior to the election of a trustee. And that the foreclosure by the mortgagee under the particular and peculiar facts here rendered the attempted sale thereunder

wholly void. Whether the sale would have been void, on account of the utter failure to follow the customary procedure and for lack of evidence as to equity for creditors and burden to the estate, if a trustee in bankruptcy had existed, is not before us, and so we do not need to go afield and rule the point.

It follows, we think, that the trial court did not err in holding that appellee is entitled to have the interest in the land of the bankrupt sold at a sale which will give the buyer thereat such and all of the interest which the bankrupt has therein. This appellee did not get by the sale in controversy.

There is another reason briefly adverted to by the learned district judge in denying the petition for review which commends itself to us here. This reference was to the fact that the subject of bankruptcy (save as to criminal phases and provisions) is allocated to the category of equity (Local Loan Co. v. Hunt, 292 U.S. 234, 240, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195), and that an equity court ought not to countenance such injustice as would flow from the approval of appellant's contention. In other and vernacular words, no court of equity should allow one person to be robbed albeit under the empty shell and form of law, so that another shall be unjustly enriched; and this is so even though equity will follow the law, unless the law works inequity.

Let an order be entered affirming the case, with costs, to be taxed against the appellant.