## In re KIRKPATRICK et al.
### Nos. 26720–Y, 26721–Y.

District Court, S. D. California, Central Division.

Nov. 24, 1936.

N. C. Peters, of San Bernardino, Cal., for bankrupts.

Surr & Hellyer, of San Bernardino, Cal., for E. H. Hardt.

YANKWICH, District Judge.

On October 18, 1935, the debtors, who are husband and wife, filed identical petitions for composition and extension under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203). On April 17, 1936, while the petition was still pending, the respondent, E. H. Hardt, filed with the conciliation commissioner a petition for dismissal of the petition and for leave to sell farming real property in San Bernardino county, Cal., on which he held a deed of trust, upon which default had been made, both as to principal and interest, prior to the institution of the proceedings. The petition was denied on September 26, 1936, and a petition for the review of the order is still

pending. On June 10, 1936, the debtors were adjudged bankrupts under section 75 (s), as amended (11 U.S.C.A. § 203 (s). On October 13, 1936, the respondent caused the property to be sold by the Pioneer Title Insurance & Trust Company, trustee under the deed of trust, under the power of sale contained in the instrument. The method of the sale conformed to the provisions of section 692 of the California Code of Civil Procedure and sections 2924 and 2924b of the California Civil Code, as amended by St.1935, pp. 1802, 1803. The respondent bought the property for the sum of $5,250.

By the present proceedings, the debtors, who, during all this time, have been and still are in possession of the property, seek to have the sale declared invalid and to enjoin the respondent from obtaining possession.

The question involved is whether, while proceedings under sections 75 and 75 (s) of the Bankruptcy Act are pending, the creditor may foreclose under a deed of trust without permission of the court.

At the time of the sale, the proceeding for conciliation had terminated. Concede that subdivision (n) of section 75, as amended (11 U.S.C.A. § 203 (n), applies to such proceedings only. Nevertheless, once a proceeding in bankruptcy is begun, it is solely within the power of the bankruptcy court to ascertain the amount and validity of pre-existing liens and to decree the manner of their liquidation. See Isaacs v. Hobbs Tie & Timber Co. (1931) 282 U.S. 734, 738, 51 S.Ct. 270, 75 L.Ed. 645; Ex parte Baldwin (1934) 291 U.S. 610, 615, 54 S.Ct. 551, 78 L.Ed. 1020.

It is true that courts have recognized the right of the holder of a lien, who had begun proceedings for foreclosure prior to the institution of bankruptcy proceedings, and, *especially before adjudication,* to complete them. See Hiscock v. Varick Bank of New York (1907) 206 U.S. 28, 27 S.Ct. 681, 51 L.Ed. 945; Robinson v. Kay (C.C.A.9, 1925) 7 F.(2d) 576; Heffron v. Western Loan & Building Company (C.C.A.9, 1936) 84 F.(2d) 301. However, in this case all proceedings for the foreclosure of the deed of trust under the power of sale were initiated while the property was in the custody of this court under proceedings first instituted under section 75 and then continued under section 75 (s) of the Bankruptcy Act.

Permission to sell was *not* secured. On the contrary, it *was denied.*

Under the circumstances, and notwithstanding certain general language contained in some of the decisions just cited, notably Heffron v. Western Loan & Building Company, supra, we are of the view that the owner of a deed of trust cannot deprive the court of the jurisdiction it has acquired over the property by instituting and completing, while the property is in custody of the law, proceedings to foreclose. To our knowledge, the most recent case in which the question has been ruled upon directly is Comer v. John Hancock Mutual Life Insurance Company (C.C.A.1935) 80 F.(2d) 413. There, the power of the bankruptcy court to allow a sale under a deed of trust was challenged. Sustaining the power, the court said:

"Of course, a holder of a deed of trust containing a power of sale would have just as much right to ignore the bankruptcy court and foreclose, as would a mortgagee who resorted to a strange court for strict foreclosure, that is to say, no right at all. For we think it clear that the principle announced by the Supreme Court plainly carries an inhibition, both against foreclosure by a sale under a power in a deed of trust, and a strict foreclosure in a court of equity, *absent a lawful order by the bankruptcy court so permitting."* Comer v. John Hancock Mut. Life Ins. Co. supra (C.C.A.) 80 F.(2d) 413, at page 415. (Italics added.)

And again: *"And till that court had in accord with law abdicated its jurisdiction, no person and no other court could acquire power or jurisdiction to deal with it, or change its status and of course could pass no title to it to another by a purported sale or otherwise.* So much is made clear by the case of Isaacs v. Hobbs Tie & Timber Co., supra. As pointed out already, the bankruptcy court can for *sufficient cause relinquish its jurisdiction* lawfully and permit another court, or *other persons under a deed of trust or a mortgage, to assume jurisdiction over encumbered lands, or property of a bankrupt estate.* But till it has done so pursuant to law, other persons and other courts must keep hands off so far as concerns power to deal with and jurisdiction over the property of a bankrupt in his possession at adjudication, whether encumbered or not. Hobbs Tie & Timber Co. v. Isaacs (C.C.A.) 61 F.(2d) 1006." Comer v. John Hancock Mut. Life Ins. Co., supra (C.C.A.) 80 F.(2d) 413, at page 417. (Italics added.)

And see In re Jersey Island Packing Co. (C.C.A.9, 1905) 138 F. 625, at page 627;

2 L.R.A.(N.S.) 560; In re Eppstein (C.C.A. 8, 1907) 156 F. 42, 17 L.R.A.(N.S.) 465; Cohen v. Nixon & Wright (D.C.Ga.1916) 236 F. 407; Allebach v. Thomas (C.C.A.4, 1927) 16 F.(2d) 853.

Apposite is the language of Gilbert, C. J., in Re Jersey Island Packing Co., supra (C.C.A.) 138 F. 625, at page 627: "It is true that the bankruptcy act provides that liens such as the lienholders had under the trust deeds in this case shall not be affected by bankruptcy, *but that is far from saying that such lienholders may, after the commencement of proceedings in bankruptcy against the debtor, proceed to enforce their liens or contracts in the manner prescribed in the instruments which create them; and this is true whether such lien is an ordinary mortgage, or a deed of trust with provision for a strict foreclosure by a notice and sale.* The provision of the bankruptcy act that such a lien shall not be affected by the bankruptcy proceedings has reference only to the validity of the lienholder's contract. It does not have reference to *his remedy to enforce his right.* The remedy may be altered without impairing the obligation of his contract, so long as an equally efficient and adequate remedy is substituted. Every one who takes a mortgage, or deed of trust intended as a mortgage, takes it subject to the contingency that proceedings in bankruptcy against his mortgagor may *deprive him of the specific remedy which is provided for in his contract.*" (Italics added.)

The distinction in principle between cases wherein the machinery for foreclosure had been started *prior to adjudication* and cases like the instant one is clear.

In the former, either by law or by contract, the creditors, by instituting proceedings, had placed the property in the custody of another court or had acquired certain vested rights with the fruition of which the bankruptcy courts could not interfere. To allow such rights to ripen into title, *before adjudication,* is consistent with the spirit of the bankruptcy law and of due process.

It means also carrying into effect the principle that, once a court has acquired jurisdiction, it should not be ousted from it, and that a right which is in the process of judicial or quasi judicial liquidation *before* bankruptcy should not be interfered with. See In re Smith (D.C.Tex.1924) 3 F.(2d) 40; Straton v. New (1931) 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060.

But to allow the holder of a deed of trust to ignore entirely the bankruptcy court and to institute, without its consent, proceedings for the sale of the property while it and the equitable interest of the maker in it are in the custody of the court, and *after adjudication,* and while the maker is in possession, would amount to a surrender by the bankruptcy court, *without its consent,* of that exclusive jurisdiction it acquires over the bankrupt's property, by the bankruptcy 'proceedings and especially by the adjudication—a jurisdiction which extends to the valid pre-existing liens. In re Jersey Island Packing Co., supra. Upon a proper showing, the bankruptcy court may surrender this jurisdiction. The owner of a deed of trust may thus have his remedy by *asking for it.* But the court may also *decline* to grant it. Its judgment will not be disturbed, except for abuse of discretion. For the right to apply for permission to foreclose *does not* imply the right to have it granted. As said in Hobbs Tie & Timber Co. v. Isaacs (C.C.A.5, 1932) 61 F.(2d) 1006, at page 1007: "It had and has the right, of course, to invoke the aid of the court of bankruptcy to realize upon its debt. It had and has the right to apply to that court for the surrender of the mortgaged property as burdensome to the bankrupt's estate. It had and has the right to apply to that court for its consent to proceed with the foreclosure suit. *It could not, as it attempted to do here, demand as of right that that consent be granted.*" (Italics added.)

If the holder of a lien cannot complain, when he asks of the bankruptcy court permission to foreclose and is refused, to allow him to do so, *without asking,* and to approve his act, after it is done, is to sanction the flaunting of the power of the bankruptcy court—a flaunting which would destroy the effectiveness of the administration of the Bankruptcy Act. In view of the salutary purpose of the act, we should not give our approval to anything which savors of such flaunting.

The petition is granted.

The sale is declared invalid and the respondent is enjoined from interfering with the possession of the debtors.

The respondent may apply again for leave to sell, if so advised.

Exception to the respondent.