## In re YARBROUGH.
### No. 578.

District Court, M. D. Georgia, Albany Division.

Feb. 19, 1937.

Sam S. Bennet, of Albany, Ga., for creditor.

R. J. Bacon, of Albany, Ga., for bankrupt.

DEAVER, District Judge.

On July 2, 1936, Mrs. Mary Lou Yarbrough filed her voluntary petition in bankruptcy, listing in her schedules state and county taxes $110, municipal taxes $50, two unsecured debts, one for $30 and one for $5, one secured debt of $31.75 and one secured debt of face amount of $2,700, which latter secured debt she contests on the grounds that the debt contains usury and that it was for money to pay her husband's debts. The last-mentioned debt was secured by security deed held by the Auto Finance & Loan Co. She scheduled assets valued at $2,300.

The case was referred to the referee on July 3, 1936.

On July 5, the bankrupt filed a petition alleging that the Auto Finance & Loan Company had advertised the realty covered by its security deed for sale on July 8, 1936; that the existence and amount of the security were contested; and praying that the sale be enjoined. In the absence of the judge from the district, the petition was referred to the referee who, on July 6, 1936, entered an order restraining the sale.

On August 6, 1936, the first meeting of creditors was held, at which the bankrupt was examined. She testified that the value of her assets was about $3,000, and that she had sufficient property to pay her debts, but was unable to meet her debts. No trustee was appointed.

On the same day, August 6, 1936, the Auto Finance & Loan Company filed what was termed a special appearance in the injunction proceeding, "only for the purpose of protecting any interest which it may have in the subject matter of said suit," and moved: (a) That the suit be dismissed; (b) that it be dismissed so far as defendant and its rights are concerned; (c) that the injunction be refused; (d) that the temporary restraining order be dissolved on the grounds: (1) That the bankruptcy case is not a bona fide bankruptcy proceeding, but is brought without showing she is a bankrupt and solely for the purpose of attempting to confer jurisdiction of the subject-matter upon the federal court and to deprive the state courts of jurisdiction; (2) that the Bankruptcy Act (11 U.S.C.A.) does not include case (a) where party is not shown to be actually insolvent or bankrupt, or (b) where sole purpose of bankruptcy proceeding is to confer jurisdiction on federal court of matter solely within jurisdiction of state court; (3) that if Bankruptcy Act be so construed, it is unconstitutional as not being "on the subject of bankruptcies," and as constituting infringement of rights of state.

The bankrupt filed a so-called "plea" to the special appearance, contending that it was a general appearance and brought the controversy within the jurisdiction of the bankruptcy court; that the referee should hear testimony on the plea; and praying that the "intervention" abate.

The referee entered an order denying and overruling the "plea," and another order dissolving the restraining order and permitting the Auto Finance & Loan Company to proceed with its foreclosure.

These two orders are brought up for review.

(1) A solvent person who owes debts may file a voluntary petition in bankruptcy. Gilberts' Collier on Bankruptcy (4th Ed.) p. 118; In re Montevallo Mining Co. (Lewis v. Roberts) (C.C.A.) 294 F. 171 (1), reversed on another point Lewis v. Roberts, 267 U.S. 467, 45 S.Ct. 357, 69 L. Ed. 739, 37 A.L.R. 1440; People's Nat. Bank v. Foltz (C.C.A.) 25 F.(2d) 295 (2).

It is contended, however, that if such person files a voluntary petition for the purpose of having a controverted issue tried in the bankruptcy court instead of the state court, that fact deprives the bankruptcy court of jurisdiction. The answer to that contention is, that whatever the law permits one to do, he may do regardless of his motive. Though the validity of a mortgage might be tested in a state court in the absence of bankruptcy, and might be tested in the bankruptcy court in the event of

bankruptcy, the mortgagor, if otherwise qualified to file a petition in bankruptcy, may select the jurisdiction, and may do so even though his purpose is to bring the controversy into the one jurisdiction and to avoid the other.

In the case of Morris v. Gilmer, 129 U. S. 315, on page 328, 9 S.Ct. 289, 293, 32 L. Ed. 690, the court said: "It is true, as contended by the defendant, that a citizen of the United States can instantly transfer his citizenship from one state to another (Cooper v. Galbraith [Fed.Cas. No. 3,193] 3 Wash.C.C. 546, 554), and that his right to sue in the courts of the United States is none the less because his change of domicile was induced by the purpose, whether avowed or not, of invoking, for the protection of his rights, the jurisdiction of a federal court. As said by Mr. Justice Story, in Briggs v. French [Fed.Cas. No. 1,871] 2 Sumn. 251, 256: 'If the new citizenship is really and truly acquired, his right to sue is a legitimate, constitutional, and legal consequence, not to be impeached by the motive of his removal.' Manhattan Ins. Co. v. Broughton, 109 U.S. 121, 125, 3 S.Ct. 99 [27 L.Ed. 878]; Jones v. League, 18 How. 76, 81 [15 L.Ed. 263]." See, also, King v. Kansas City Police Relief Ass'n (D.C.) 60 F.(2d) 547 (2), 548.

Again, motive was held immaterial where the shareholders of a corporation, for the purpose of creating a diversity of citizenship, formed another corporation of the same name in another state and caused the property and business of the former to be transferred to the latter, and then dissolved the old corporation. Black & White Taxicab Co. v. Brown & Yellow Taxicab Co., 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681, 57 A.L.R. 426. See, also, Chicago, R. I. & P. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473.

■ While it is true that the law does not permit a party to perpetrate a fraud upon a court, so as to bring within its jurisdiction a matter which, except for the fraud, would be without its jurisdiction, still if the law confers jurisdiction of a case upon a court, it is not a fraud upon the court for a party to invoke that jurisdiction; and the court will not inquire into his motive, because it is immaterial.

In Chicago, B. & Q. Ry. Co. v. Willard, 220 U.S. 413, 414, 31 S.Ct. 460, 55 L.Ed. 521, the court held, "A defendant cannot say that an action shall be several if the plaintiff has a right, and so declares, to make it joint; and to make it joint is not fraudulent if the right to do so exists, even if plaintiff does so to prevent removal."

■ Moreover, even if motive were material, it is not sufficient simply to allege a fraudulent purpose without any allegation or proof of specific facts showing fraud. Doremus v. Root (C.C.) 94 F. 760 (4); Louisville & N. R. R. Co. v. Wangelin, 132 U.S. 599, 10 S.Ct. 203, 33 L.Ed. 474; Union Terminal Ry. Co. v. Chicago, B. & Q. R. Co. (C.C.) 119 F. 209 (1); Wilson v. Republic I. & S. Co., 257 U.S. 92 (4), 42 S. Ct. 35, 66 L.Ed. 144.

■ (2) The appearance of the Auto Finance & Loan Co. was for the special purpose of obtaining a dissolution of the restraining order. It could set up any reasons it desired as a basis for its contention that the injunction should be dissolved, without submitting itself to the jurisdiction of the court in the bankruptcy proceeding to any greater extent than it was already committed to that jurisdiction by the pendency of the bankruptcy case. As soon as there was an adjudication on the bankruptcy petition, the court had jurisdiction of the property of the bankrupt and power to determine the validity and amount of the lien held by the Auto Finance & Loan Co.; and no state court had jurisdiction. Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215; Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599; Comer v. John Hancock Mutual Life Ins. Co. (C.C.A.) 80 F.(2d) 413.

■ A mortgagee may apply to the bankruptcy court for surrender of the mortgaged property as burdensome. Also, he may apply to the bankruptcy court for its consent to foreclosure of the mortgage in another court, but could not demand as of right that consent be granted. Hobbs Tie & Timber Co. v. Isaacs (C.C.A.) 61 F.(2d) 1006; Comer v. John Hancock Mutual Life Ins. Co. (C.C.A.) 80 F.(2d) 413 (2).

■■ If it be said that the appearance of the Auto Finance & Loan Company for the purpose of having the injunction dissolved amounted to an application for permission to foreclose in another court, or for permission to foreclose under its power of sale, still where it is apparent that a contest is to be made on the validity and amount of the mortgage, which, if successful, will result in assets to be administered by the bankruptcy court, and that such con-

test must be adjudicated before it can be ascertained whether there are assets to be administered, the bankruptcy court cannot surrender its jurisdiction to determine the question. "Indeed, a court of bankruptcy itself is powerless to surrender its control of the administration of the estate." Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 739, 51 S.Ct. 270, 272, 75 L.Ed. 645. It is only where it appears that there is no equity or nothing to be administered that the referee may permit the trustee to abandon property or may permit foreclosure outside the bankruptcy court. "Bankruptcy court may, as to undisputed mortgage or trust deed on petition and for cause shown, permit lien on property to be foreclosed outside of bankruptcy court and in another court, or pursuant to power of sale contained in mortgage or trust deed." Comer v. John Hancock Mut. Life Ins. Co. (C.C.A.) 80 F.(2d) 413(2).

 The orders now being reviewed, made without the election of a trustee, dissolved the restraining order and granted the mortgagee permission to foreclose "in such manner as it might like," which language is broad enough to include not only foreclosure in a state court, but also foreclosure under power of sale. The referee made the order not only with knowledge from the record that the mortgage was disputed, but apparently for the reason that it was disputed, and that the contest was brought into the federal court in order to deprive the state court of jurisdiction. Jurisdiction over such a contest cannot be surrendered, if there is jurisdiction of the bankruptcy case itself. If the referee thought the bankruptcy court had no jurisdiction, because that jurisdiction was fraudulently invoked, then he should have dismissed or recommended dismissal of the bankruptcy case, in which event the mortgagee would have needed no permission to foreclose. On the other hand, if the bankruptcy court had and retained jurisdiction of the bankruptcy case, then it could not surrender property of the bankrupt without first proceeding to determine whether there was a valid lien on it and, if so, whether there was any equity to be administered. Such determination would involve the adjudication of the very question made in the record.

"Referee in bankruptcy has no power to enter order for sale outside bankruptcy court of incumbered realty of bankrupt estate prior to election of trustee." Comer v. John Hancock Mut. Life Ins. Co. (C.C. A.) 80 F.(2d) 413 (7).

Even if the mortgage were undisputed and the referee had a discretion to permit foreclosure outside the bankruptcy court, without the election of a trustee, still in this case he did not exercise that discretion, but based the orders on the question of jurisdiction. When a mortgagee applies for release of property, the referee before granting the application should in some way come into possession of facts showing that the property is burdensome and that there is no interest which should be administered by the bankruptcy court.

(3) The Bankruptcy Act is not unconstitutional for any reason stated in the record.

The petition for review of the order overruling and denying the "plea" should be denied, and the order confirmed.

The petition for review of the order dissolving the restraining order and granting permission to foreclose outside of the bankruptcy court should be sustained and the order reversed, and the case remanded to the referee for further action.

Appropriate orders will be entered accordingly.