14

**In re: ADELPHIA COMMU-
NICATIONS CORPO-
RATION, Debtor,**

**AD HOC Adelphia Trade Claims Com-
mittee, Official Committee of Unse-
cured Creditors, W.R. Huff Asset
Management Co., LLC, U.S. Bank Na-
tional Association as Indenture Trus-
tee, Appellants,**

v.

**Adelphia Communications Corporation,
Debtor–Appellee,**

**Bank of America, N.A., Bank of Mont-
real, Wachovia Bank, National As-
sociation, Appellees,**

**Official Committee of Equity Security
Holders, Appellee–Cross–
Appellant.[1]**

Nos. 06–1738–bk, 06–1417–bk.

United States Court of Appeals,
Second Circuit.

Dec. 26, 2006.

---

1. The clerk of the court is requested to amend the official caption accordingly.

**15**

Jonathan E. Minsker, Kasowitz, Benson, Torres & Friedman LLP New York, NY, for Appellants.

Eric B. Fisher, Morgenstern, Jacobs & Blue LLP New York, NY, for Appellee–Cross–Appellant.

Brian E. O'Connor, Willkie Farr & Gallagher, LLP New York, NY, for Debtor–Appellee.

Judith Elkin, Hayes & Boone LLP New York, NY, for Appellees.

Barbara A. Ward, Assistant United States Attorney for Michael J. Garcia, United States Attorney Southern District of New York, New York, NY, for Amicus Curiae the U.S. Department of Justice.

Present: ROSEMARY S. POOLER, ROBERT A. KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Appellee-cross-appellants (the "Equity Committee") appeals only the section of the bankruptcy court's 9019 order that reaffirmed the existence of the appellees' (collectively, the "banks") liens on the registered management entities ("RMEs"). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.[2]

The Equity Committee now argues that they did not receive adequate notice before the bankruptcy court approved what the Committee characterized as a new use of the estate property out of the ordinary course. The Equity Committee received ample informal notice that the banks were arguing that the liens should be reimposed, but it argues that this is insufficient, as the allegedly new liens on the property implicate certain heightened procedural safeguards of the Bankruptcy Code. See 11 U.S.C. § 363(b).

Contrary to the Equity Committee's arguments, the banks' liens had never been extinguished, and thus the RMEs were already encumbered when they entered the bankruptcy estate. The Amended Final Order of Forfeiture, which approved the voluntary forfeiture of the RMEs to the government, stated that it "expressly preserved" the banks' property interests.

The clause in the settlement which stated in error that the government will transfer "free and clear title" to the RMEs is of no importance to the claims at issue, since the government never obtained clear title. As the Supreme Court established long ago, "liens existing at the time of the commencement of a bankruptcy proceeding are preserved." *Isaacs v. Hobbs Tie & Timber Co.*, 282 U.S. 734, 738, 51 S.Ct. 270, 75 L.Ed. 645 (1931). More particularly, "property rights existing before bankruptcy in persons other than the bankrupt must be recognized and respected in bankruptcy." *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962). The bankruptcy court did no more than to recognize the banks' rights in the debtor's property, which existed before the bankruptcy.

Since the reimposition of the liens was merely the necessary recognition of existing rights, and did not involve a new and out of the ordinary course use of the property, this court reviews the bankruptcy court's determination of whether a settlement was in the best interests of the estate only for plain [i.e., manifest] error or abuse of discretion. *See In re Teltron-*

---

2. The lead appeal, with which this case was consolidated, will be decided by a summary order issued simultaneously with this summary order.

**16**

*ics Servs., Inc.,* 762 F.2d 185, 189 (2d Cir.1985). In addition to being a necessary recognition of the bank's interests, the decision to ensure the continuing existence of the liens was clearly in the interests of the estate, since to do otherwise would have compelled the banks to delay the transfer of the RMEs by challenging the voluntary forfeiture in an ancillary proceeding before the District Court where the RMEs' owners had been prosecuted.

Not only would this delay in the transfer of the RMEs have severely prejudiced the estate, the necessary action that prevented this delay caused only what the bankruptcy court correctly labeled as "minimal prejudice to the stakeholders." Since the bankruptcy court also correctly concluded that the reconfirmation of the liens would not create any risks greater than those the estate already bore the District Court was clearly correct when it held that this decision "was well within the Bankruptcy Court's discretion." Furthermore, the Equity Committee has no cause to complain about a decision that merely preserved the status quo before future litigation, which will conclusively determine the status of the liens, can be entertained. This decision is fair and equitable to all parties, and therefore not an abuse of discretion. *Cf. Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 442, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). The bankruptcy court committed no error when it correctly concluded that this controversy was in fact nothing more than a tempest in a teapot.

We therefore affirm the decision of the District Court.