14-3178-bk(L)
In re: Nuevo Pueblo, LLC, Homesteads Community at Newtown, LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         ROSEMARY S. POOLER,
         PETER W. HALL,
                         Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

IN RE: NUEVO PUEBLO, LLC, HOMESTEADS
COMMUNITY AT NEWTOWN, LLC,
         Debtors

- - - - - - - - - - - - - - - - - - - -X

NUEVO PUEBLO, LLC, HOMESTEADS COMMUNITY
AT NEWTOWN, LLC,
         Appellants,

         -v.-                                    14-3178-bk(L)
                                                 14-3251-bk(CON)
ROBERTA NAPOLITANO, TRUSTEE, RONALD
CHORCHES, TRUSTEE,
         Appellees.
- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANTS:**          PATRICK W. BOATMAN, Law Offices of Patrick W. Boatman, LLC, East Hartford, Connecticut.

**FOR APPELLEES:**          WILLIAM S. FISH, JR. (David A. DeBassio, on the brief), Hinckley Allen & Snyder, LLP, Hartford, Connecticut.

DEAN W. BAKER, Law Office of Dean W. Baker, New Haven, Connecticut.

Appeal from judgments of the United States District Court for the District of Connecticut (Haight, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED.**

Appellants Nuevo Pueblo, LLC ("NP") and Homesteads Community at Newtown, LLC ("HCN" and, collectively, the "Debtors") appeal from the judgments of the United States District Court for the District of Connecticut (Haight, J.), affirming the ruling of the United States Bankruptcy Court for the District of Connecticut (Weil, J.). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Chapter 7 bankruptcy trustees of the Debtors-- Roberta Napolitano and Ronald Chorches (collectively, the "Trustees")--jointly moved for approval of a settlement to resolve claims by a number of related parties. As relevant here, the proposed settlement provided that the HCN estate would pay $450,000 to Konover Construction Corp. ("Konover") to settle litigation over the validity of a blanket mechanic's lien that Konover recorded in 2001 against real estate then owned by HCN (the "HCN Property").[1] The bankruptcy court approved the settlement pursuant to Bankruptcy Rule 9019, and the district court affirmed. On appeal, the Debtors argue that the Trustees overpaid to settle meritless litigation and that the bankruptcy court abused its discretion in approving the settlement.

---

[1]     The HCN Property was sold in 2005.

In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, a court asks whether the settlement is "fair and equitable," considering the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation . . . ; (3) . . . the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting . . . the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining.

In re Iridium Operating LLC, 478 F.3d 452, 462 (2d Cir. 2007) (citations and internal quotation marks omitted). A bankruptcy court's balancing of these factors is reviewed for abuse of discretion. Id. at 461 n.13.

The Debtors argue that the settlement should not have been approved because there was no possibility that Konover's mechanic's lien on the HCN Property would have been found valid. Konover recorded the lien after payment disputes arose with The Homesteads at Newtown, LLC ("THN"), an entity related to the Debtors. THN contracted with Konover to perform work on THN's property adjoining the HCN Property. The validity of the mechanic's lien over the HCN Property turned on: (1) whether HCN consented to have Konover perform work on the HCN Property; and (2) whether Konover's work on the adjoining property also benefitted the HCN Property. In a separate adversarial proceeding, HCN alleged that its own construction plans were derailed by the improper lien, and sought damages against Konover.

The bankruptcy court did not abuse its discretion in approving the settlement. Following testimony from the Trustees and from Konover's counsel,[2] the court concluded

_____

[2] The Debtors' objection that this testimony was hearsay is meritless. The bankruptcy court properly considered the testimony to determine the positions of the Trustees (standing in the shoes of the Debtors) and Konover,

that HCN's suit (whatever its merits) was likely to entail expensive and protracted litigation, and unlikely to result in a significant damages award for HCN, even if it succeeded. With respect to the other <u>Iridium</u> factors, the court concluded that: the Konover litigation was the main impediment to progress in the Debtors' bankruptcies; approval of the settlement was in the best interests of the creditors, none of whom objected; and the settlement terms were negotiated at arm's length by experienced attorneys.

The Debtors argue that the bankruptcy court should have undertaken a more searching merits analysis of the lien before approving the settlement. But "[i]n undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." <u>In re W.T. Grant Co.</u>, 699 F.2d 599, 608 (2d Cir. 1983) (citation and internal quotation marks omitted). The bankruptcy court satisfied that obligation before approving the settlement.

The Debtors further argue that, before the bankruptcy court ruled on the proposed settlement, it should have resolved their pending objections to claims filed against the estates by Franklin Construction, LLC, a secured creditor. That argument is meritless. Approval of the settlement did not impair the Debtors' ability to advance those objections, and the merits of the objections were not the basis of the bankruptcy court's ruling. The merits of those objections also had no bearing on any of the <u>Iridium</u> factors.

---

and to identify the issues the parties would have litigated. <u>See, e.g.</u>, <u>In re Adelphia Commc'ns Corp.</u>, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005), <u>aff'd</u>, 337 B.R. 475 (S.D.N.Y. 2006), <u>aff'd</u>, 224 F. App'x 14 (2d Cir. 2006) (summary order); <u>In re Int'l Distribution Centers, Inc.</u>, 103 B.R. 420, 423 (S.D.N.Y. 1989).

For the foregoing reasons, and finding no merit in the Debtors' other arguments, we hereby **AFFIRM** the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK